GEORGE U. HIND, INDIVIDUALLY AND AS A FORMER MEMBER OF, AND ON BEHALF OF THE PARTNERSHIP OF HIND ROLPH & CO., NOW DISSOLVED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19167. Promulgated November 9, 1929.

*George E. H. Goodner*, *Esq.*, for the petitioner.

*John D. Foley*, *Esq.*, and *Lloyd W. Creason*, *Esq.*, for the respondent.

98

OPINION.

LITTLETON: Since the year 1917 only is before us, and since it appears that the statute of limitations question is determinative of petitioner's liability for the entire proposed deficiency for that year, we have omitted from our findings many of the facts relating solely to the question of the correctness of the Commissioner's computation.

The statute of limitations issue before us involves an additional tax for 1917 which was assessed in December, 1921, but which has not yet been collected, and our question is whether the collection of this tax is barred. At the time the assessment was made, the Revenue Act of 1921 was in effect, which provided in section 250 (d) for a five-year period for the assessment of taxes for 1917 and since this assessment was made in December, 1921, it was timely made. Collection, however, was not made at that time, and no agreement in writing was entered into between the petitioner and the Commissioner prior to February 25, 1926, extending the time when collection might be made. An instrument was executed on February 25, 1926, when collection had not yet been made, which purported to extend the time for collection, but prior to its execution we have a situation parallel to that existing in the case of *Benjamin Russell* v. *United States*, 278 U. S. 181, wherein a valid assessment was made under the 1921 Act and collection was sought after the passage of the 1924 Act, under the provisions of section 278 (d) of the latter Act, which provided for a six-year period for collection after assessment. The aforementioned case held that section 278 (d) of the Revenue Act of 1924 had no application to assessments made prior to the enactment of the 1924 Act, and that since the tax in question had not been collected within the five-year period provided in the 1921 Act (there being no question as to the execution of consents to a later collection), the collection of the tax was barred.

The case of *Benjamin Russell* v. *United States, supra*, differs from the case at bar only in that, prior to the enactment of the Revenue Act of 1926, the petitioner executed an instrument which purported to extend the time for collection to December 31, 1927, and our question is as to the effect of this instrument. In disposing of the question thus presented, it is pertinent to observe that the 1924 Act made no provision for an agreement in writing between the taxpayer and the Commissioner for a later collection of tax (*Sunshine Cloak & Suit Co.*, 10 B. T. A. 971), and that the provisions governing the collection of taxes assessed prior to the 1924 Act and while the 1921 Act was in effect would be those provided for

by the latter Act (*Benjamin Russell* v. *United States, supra*). The 1921 Act, section 250 (d) provides, in so far as here pertinent, that taxes for 1917 "shall be determined and assessed within five years after the return was filed, unless *both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax;* and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed * * *." (Italics supplied.) Leaving out of consideration the sections dealing with false and fraudulent returns and other special situations, none of which are here applicable, it would follow that the collection of the deficiency involved in this proceeding is barred unless the instrument executed on February 25, 1926, satisfied the requirement for a later collection. We are of the opinion that it does not meet the specific test laid down by the statute for the reason that it is only a consent in writing by the petitioner and not by the petitioner *and the Commissioner*. On its face it does not purport to be more than an instrument in which the petitioner would consent to a later collection without any signing or "writing" on the part of the Commissioner. And there is no evidence that there was a written request on the part of the Commissioner that the petitioner sign the instrument, but, on the contrary, the best recollection of the individual who signed for the petitioner was that a representative of the Commissioner called at his office, requested that the instrument be signed and later came to get it after the petitioner's signature was attached thereto. In our opinion, an instrument thus signed only by the taxpayer does not meet the requirements of the statute for a consent in writing between the taxpayer and the Commissioner, and the collection of the deficiency is accordingly barred. *Everett B. Moore, Administrator*, 17 B. T. A. 314; *Chadbourne & Moore*, 16 B. T. A. 961. See sec. 284 (g), Revenue Act of 1926.

The agreement executed on December 8, 1926, and set forth in our findings is, of course, ineffective, since at the time of its execution the Revenue Act of 1926 was in effect, which provided in section 1106 (a) that "The bar of the statute of limitations against the taxpayer in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability." *United States* v. *John Barth Co.*, 27 Fed. (2d) 782; *Peerless Woolen Mills*, 13 B. T. A. 1119. See, also, *Pepsin Syrup Co.* v. *Schwaner*, 35 Fed. (2d) 197.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*