## JOHN M. PARKER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5916.

Circuit Court of Appeals, Fifth Circuit.

April 23, 1931.

Rehearing Denied May 25, 1931.

John D. Miller, of New Orleans, La., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. P. Jackson, Sp. Asst. to Atty. Gen. (Sewall Key and S. Dee Hanson, Sp. Assts. to Atty. Gen., C. M. Charest, Gen. Counsel, Bureau Internal Revenue, of Washington, D. C., and De Witt M. Evans, Sp. Atty., Bureau Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is a petition by a taxpayer, the John M. Parker Company, to review a decision of the Board of Tax Appeals sustaining a deficiency assessment upon income and profits taxes for the fiscal year ending July 31, 1920. In arriving at that decision, the Board rejected contentions of petitioner (1) that the assessment was barred by the statute of limitations; (2) that it was entitled under sections 200 and 303 of the Revenue Act of 1918 (40 Stat. 1059, 1089), to classification as a partial personal service corporation; and (3) that the value of a share of stock which it owned in the New Orleans Cotton Exchange should have been included in invested capital. 11 B. T. A. 1236. The adverse ruling upon each of those contentions is assigned here as error.

The tax return was due on October 15, 1920, under section 227 (a) of the Revenue Act of 1918 (40 Stat. 1075); and presumably it was filed within that time. The statutory period of limitations for assessing and collecting the taxes was five years, section 250(d); and therefore would have expired October 15, 1925; but on July 22, 1925, petitioner signed and furnished to the Commissioner a statutory waiver which by its terms extended the statutory period until December 31, 1926. In August, 1925, petitioner signed a Treasury form of agreement consenting to the assessment of a deficiency tax amounting to $584.65 as shown on a report of the revenue agent in charge at New Orleans, and paid the amount so shown. That agreement provided that it was made subject to the approval of the Commissioner. He never approved it, but, on the contrary, in December, 1925, made the deficiency assessment in dispute.

During the taxable year in question, petitioner had a capital stock of $500,000, half of which was common stock, the other half was nonvoting preferred stock. Seven owners had 3,500 shares, and were all actively engaged in the management of its business. That business consisted of advancing funds to planters to enable them to grow cotton; making advances on cotton which had been shipped and accepting cotton as collateral; selling cotton "to arrive," which means that, when petitioner sold cotton for interior shipment, it guaranteed to the buyer that it would measure up to samples, and to the seller that it would be paid for on delivery; and selling cotton on commission where no advances were made. Petitioner maintained a separate office for the handling of cotton "to arrive" pursuant to a rule of the New Orleans Cotton Exchange, and another office in which it conducted the rest of its business. It kept only one set of books. A revenue agent examined its books and divided its business into two classes; one, that in which capital was required, and the other, that which was attributed to the personal activities of the principal stockholders.

He computed the gross income at $346,000, of which he attributed $135,000 to capital and $211,000 to personal services. The total expenses were found to be $184,000, of which he attributed $76,000 to capital expenses and $108,000 to personal service expenses. This left a net income of approximately $162,000. Of the gross income attributed by the revenue agent to personal services, $207,000 was represented as commissions, of which, it was admitted by petitioner's president and found by the Board, $102,000 was attributable to capital and $105,000 to personal services. Without an adjustment of the expenses, only $1,811 of

the net income appeared to be attributable to personal services. The Board recognized that more than that amount had been earned as commissions, but held that there was no evidence to show how much more was so earned. A former commissioner in a previous year classified petitioner as a partial personal service corporation.

The record before us shows that a copy of the rules of the New Orleans Cotton Exchange was received in evidence, apparently for the purpose of proving rule 6 as to the responsibility of petitioner under contracts covering cotton to arrive; and those rules were to be copied in the record or sent up in the original, but it does not show that the charter or constitution of the exchange was introduced. There was testimony for petitioner given by its president that it owned a share of stock in the New Orleans Cotton Exchange; and that this stock had no dividend or earning power, its only value being to give the privileges of membership in the exchange.

■■■ It is contended that the waiver of the statutory period was invalid because it was not shown that it was signed by the Commissioner. But that contention is without merit. Florsheim Bros. Co. v. United States, 280 U. S. 453, 464, 50 S. Ct. 215, 74 L. Ed. 542; Stange v. United States, 282 U. S. 270, 276, 51 S. Ct. 145, 75 L. Ed. ——. The form of agreement signed pursuant to the request of the revenue agent was made subject to the approval of the Commissioner, and, in the absence of such approval, was not binding upon him. Botany Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379. The bar of the statute was therefore effectively waived by the petitioner.

■■■ The Revenue Act of 1918 by section 200 defines a personal service corporation to be one whose income is to be ascribed primarily to the activities of the principal stockholders who are themselves regularly engaged in the active conduct of its affairs, and in which capital is not a material income-producing factor; and provides in section 303 that, if not less than 30 per cent. of a corporation's total net income is derived from a separate trade or business, or a distinctly separate branch of its trade or business, which, standing alone, would bring it within the classification of a personal service corporation, then the tax upon such part of the net income so derived shall be separately computed, as though the stockholders were partners. The assessment made by the Commissioner was prima facie correct. In order to overcome it, petitioner had the burden of proving that the net income derived from personal service activities amounted to as much as 30 per cent. of the total income. This burden could not be met by showing only the gross income. The calculations of the revenue agent ceased to be of evidential value upon it being admitted that his calculation was wrong as to gross income derived from commissions, for then it became necessary to readjust the expenses, which was not done. The segregation of expenses was rendered more difficult by the circumstance that only one set of books was kept. Besides, it is not clear that petitioner's large capital and financial standing was without influence upon its commission business. J. H. Lane & Co. v. United States, 62 Ct. Cl. 721. It is now settled that the Board's findings of fact will not be set aside unless they are clearly contrary to the evidence. The fact that a former Commissioner classified petitioner as a partial personal service corporation during a previous year did not estop the respondent Commissioner to determine in his own way the tax liability for the year in question. Sweets Company v. Commissioner (C. C. A.) 40 F.(2d) 436.

■ The value of a share of corporate stock is to be excluded from, or included in, invested capital in computing net income according as such share has or has not dividend earning power. Revenue Act of 1918, § 325 (40 Stat. 1091). To which of these two types of corporations the New Orleans Cotton Exchange belongs is not shown by the record, as its charter is not included therein or properly before us. The oral testimony that it belonged to one or the other type of corporation amounted to no more than the opinion or conclusion of the witness.

· The petition for review is denied.