**The LORAIN JOURNAL COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 36278.

United States District Court
N. D. Ohio, E. D.
Jan. 12, 1962.

Francis E. Kane, Cleveland, Ohio, for plaintiff.

Russell E. Ake, former U. S. Atty., Cleveland, Ohio, for defendant.

CONNELL, Chief Judge.

The Plaintiff taxpayer herein has brought this action for a refund of certain taxes, pursuant to Section 7422 of Title 26 and Section 1346(a) (1) of Title 28 of the United States Code. The case is before us on a stipulation of facts by the parties.

The operative facts upon which the taxpayer bases his claim that the taxes were erroneously or illegally collected are few and simply stated. In December of 1943, the taxpayer had filed an amended return by which an alternative method of computation of its Excess Profits Tax liability led to an increase in its Income Tax liability to the extent of the amount here in dispute. This amount was assessed by the Commissioner on February 14, 1944, the date from which the Statute of Limitations in this matter began to run. The Taxpayer then sought a refund of $17,360.49 Excess Profits Taxes paid. The Commissioner denied Taxpayer's claim for refund, but on December 19, 1950, the Tax Court rendered its decision in the Taxpayer's favor in this matter. The Lorain Journal Company v. Commissioner, 1950 P–H T.C. Memorandum Decisions, par. 50,314.

"On February 14, 1950, a representative of the Commissioner of Internal Revenue personally obtained from the Plaintiff a Waiver Form 900, which Waiver purported to extend the time for the collection of the $8,573.08 of Income Tax shown to be due on Plaintiff's amended 1942 Income Tax return to December 31, 1956."

"Waiver Form 900 * * * discloses that it was signed by the Plaintiff's President on February 14, 1950 and by the representative of the Commissioner of Internal Revenue on February 17, 1950." (Paragraphs 15 and 16 of the Stipulation of Facts.)

Thus, the Commissioner, through his representative, signed the Waiver Form 900 six years and three days after the date of assessment.

The Commissioner's attempts to collect the tax during December, 1956 were resisted by the Taxpayer on the grounds that the Waiver was not valid and that, therefore, the collection of the taxes by the Commissioner was barred. Although the briefs of the parties raise other points regarding the Statute of Limitations, we find it unnecessary to discuss more than the validity of the Waiver. If the Waiver was effective within its terms, the Commissioner must prevail herein.

Section 276 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 276, provides:

"(c) Collection after assessment. Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

The particular phrase upon which the Taxpayer relies is: "agreed upon in

writing by the Commissioner and the taxpayer before the expiration of such six-year period." The taxpayer contends that the three-day delay in the signing by the Commissioner or his representative vitiates his own unqualified waiver of the benefits of the six-year Statute of Limitations.

This precise question has not been decided by the Supreme Court, nor by the Sixth Circuit. Both counsel have referred us to two opposing lines of authority, neither of which is binding upon us. In Holbrook v. United States, 284 F.2d 747 (9 Cir., 1960), the Court undertook a comprehensive review of the authority for each position and then decided for the government in a factual situation essentially similar to the one now before us. We cannot say that the result here should be otherwise.

■ It is well settled that the Waiver involved here is not a contract, so that the lack of mutuality of obligation at the expiration of the six-year period and before the signing by the Commissioner or his representative has no significance. Moreover, the unqualified waiver signed in this case is in no sense analogous to those documents by which the taxpayer reserves important rights against the Commissioner. The latter situation would necessarily, it seems, require the signing of the Commissioner in order to avoid the possibility of prejudice to the government by the unilateral act of the taxpayer.

■ It is also well settled that the principles of equity do not apply with their full rigor in a tax proceeding. However, it is significant that the taxpayer cannot be said to be prejudiced by the delay of three days in the signing of the Waiver form. By his own act, he had lost the benefit of the Statute of Limitations. His present claim is that the negligence of the Commissioner operated to reinstate the defense.

■ The Holbrook case (supra) is approved and adopted, at least to the extent that where the taxpayer signs an unqualified waiver, the Commissioner's failure to sign within the statutory period, which delay does not prejudice the taxpayer, shall not render the waiver invalid for the purposes of a later suit for collection or refund.

Judgment shall be entered for the Defendant.