**UNITED STATES of America**
v.
**Joel E. COOK.**
**Civ. A. No. 70–H–53.**

United States District Court,
S. D. Texas,
Houston Division.

Jan. 27, 1972.

Anthony J. P. Farris, U. S. Atty., Olney G. Wallis, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Melvin M. Engel, Engel, Groom & Miglicco, Houston, Tex., for defendant.

CARL O. BUE, Jr., District Judge.

The sole question raised by defendant's Motion for Summary Judgment in the instant case concerns the point in time at which the waiver agreement filed pursuant to an offer in compromise submitted by taxpayer to the Internal Revenue Service becomes effective; that is, for what period of time is the statute of limitations tolled.

Section 6502(a) of the Internal Revenue Code of 1954 provides that a proceeding for collection of federal taxes must be "begun—(1) within 6 years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6 year period . . . ." This provision has been amplified in Treas.Reg. § 301.6502–1(2) (i), which provides:

> The 6-year period of limitation on collection after assessment of any tax may, prior to the expiration thereof, be extended for any period of time agreed upon in writing by the taxpayer and the district director. The extension shall become effective upon the execution of the agreement by both the taxpayer and the district director.

The only other relevant provision is contained in the offer in compromise, form 656, par. 6:

> The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for one year thereafter.

It is undisputed that the government received taxpayer's offer in compromise on February 24, 1965, within six years

of the date of assessment, July 6, 1962. This offer in compromise form was signed by the government's representative on March 5, 1965, and after consideration the offer was rejected on September 17, 1965. The instant suit was filed January 23, 1970. The government contends that the statute of limitations was tolled for the period beginning on the date the offer in compromise was received and ending on the date of rejection, plus one year, as provided for statutorily. Taxpayer, on the other hand, believes the controlling date to be that on which the offer in compromise was signed by the government's representative. For this theory he places reliance upon the terms of the regulation cited, *supra*, and upon Rohde v. United States, 415 F.2d 695 (9th Cir. 1969).

A long line of Fifth Circuit cases has established a rule giving little, if any, importance to the signing of such a waiver agreement by the Commissioner or his delegates. Shambaugh v. Scofield, 132 F.2d 345 (5th Cir. 1942) held that a waiver contained in an offer in compromise was not ineffectual because executed only by taxpayer and not by the Commissioner. The Court found that a rejection letter later sent by the Commissioner was presumptive proof of the Commissioner's agreement to the waiver, and to the extension of the statute of limitations.

> The statutory provision requiring a written agreement is for administrative purposes,—not to convert into a contract what is essentially a voluntary unilateral waiver of a defense by a taxpayer.

*Id.* at 347; Stange v. United States, 282 U.S. 270, 51 S.Ct. 145, 75 L.Ed. 335 (1931). *See also* Holbrook v. United States, 284 F.2d 747 (9th Cir. 1960), in which the Court held that the statutory requirement that the Commissioner agree in writing to a waiver executed by the taxpayer was merely directory, and waiver extending the time for collection of taxes was both valid and effective according to its terms despite the complete

absence of the Commissioner's agreement in writing.

After *Shambaugh*, the Fifth Circuit decided Myrick v. United States, 296 F. 2d 312 (5th Cir. 1961) which closely followed the earlier ruling, and presumed the important dates to be (1) the date taxpayer makes the offer in compromise; that is, the date the offer is received, and (2) the date of the rejection letter by the Commissioner. It is this period plus one year which determines the extension of the statute of limitations. *Accord* United States v. Mortell, 248 F.Supp. 706 (N.D.Ill.1965); United States v. Sunbrock, 192 F.Supp. 455 (S. D.Fla.1961); United States v. Bosk, 180 F.Supp. 869 (S.D.Fla.1960). *See also* Lesser v. United States, 368 F.2d 306 (2d Cir. 1966) which adopts the view of *Holbrook* and of the Fifth Circuit in John M. Parker Co. v. Commissioner, 49 F.2d 254 (5th Cir. 1931), and holds that the requirement of written agreement is directory only.

There is admittedly a split in the Circuits on this question, which history is traced at length in the *Holbrook* opinion. A decision rendered by the Board of Tax Appeals exemplifies the opposite view. In Corn Products Refining Co., 22 B.T. A. 605 (1931) the Board concluded that a waiver not consented to in writing by the Commissioner could have no effect. The Board reasoned that if the Legislature had not meant to condition the effectiveness of the waiver on the Commissioner's consent, it would not have modified the common law waiver rule which validated taxpayer's waiver, regardless of the Commissioner's position.

Rohde v. United States, 415 F.2d 695 (9th Cir. 1969) reached the same result by reliance upon Treas.Reg. § 301.6502 (a) (2) (i) which explains that "[t]he extension shall become effective upon execution of the agreement by both the taxpayer and the district director." The Court sought to distinguish the *Holbrook* case, and further noted that prior cases had not considered the above-cited Regulation, promulgated in 1956.

The Treasury Department could not have chosen plainer words to state that the event which makes the waiver operative is the signature of the District Director. It is his act in signing the waiver that stops the limitations' clock.

*Id.* at 698.

While it is equally true that Fifth Circuit cases deciding this question have not specifically referred to Treas.Reg. § 301.6502, it must be presumed that the post-1956 decisions were not rendered in a vacuum, but were made with the full awareness that the Regulation existed. Furthermore, the Regulation is not as unassailable as the taxpayer would argue, for the very terms of the offer in compromise, par. 6, cited earlier in this opinion, fortify the Fifth Circuit view that the date and, indeed, the very presence of the director's signature are not controlling.

I must conclude therefore that the government's view of the critical dates in question is correct and in accord with this Circuit's unqualified rulings which this Court is obligated to follow. Accordingly, defendant's Motion for Summary Judgment is denied. It is so ordered.