**Michael V. HOWARD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**UNITED STATES of America, Counterclaimant,**

v.

**Thomas E. WHITE, Counterclaim Defendant**

**UNITED STATES of America, Third–Party Plaintiff,**

v.

**Thomas E. WHITE, Third– Party Defendant.**

No. C–93–20497–WAI.

United States District Court, N.D. California.

Oct. 31, 1994.

David M. Kirsch, San Jose, CA, for plaintiff.

David L. Denier, U.S. Attorney's Office, Tax Div., San Francisco, CA, for defendant.

Jeffrey F. Ryan, Hagan, Saca & Ryand Law Corp., Palo Alto, CA, for Thomas E. White, counter-defendant.

## ORDER GRANTING PLAINTIFF MICHAEL HOWARD'S MOTION FOR SUMMARY JUDGMENT

INGRAM, District Judge.

The motion of Plaintiff for summary judgment was submitted to the Court for determination. After consideration of the papers, all other matters presented to the Court, and good cause appearing therefor, the Court hereby GRANTS Plaintiff's Motion for Summary Judgment.

## BACKGROUND

This motion arises from a civil refund suit brought by Plaintiff Michael Howard to contest an assessment made against him by the Internal Revenue Service.[1] Plaintiff seeks summary judgment on the ground that the statute of limitations expired before the tax was assessed.

The parties do not dispute any of the facts. On April 13, 1992, the Internal Revenue Service ("IRS") assessed a penalty against Plaintiff for the unpaid employment taxes of Seybold Group, Inc. for 1987.[2] The IRS made this assessment pursuant to 26 U.S.C. § 6672(a), which imposes a penalty in the amount of unpaid employment taxes owed by an employer on a "responsible person." The IRS made this assessment on the basis that Plaintiff was the person responsible for collecting and paying over Seybold Group's employment taxes. Taxes employers are required to collect and withhold from employees are referred to as "trust fund employment taxes."[3]

Seybold Group filed its Employer's Quarterly Federal Tax Returns, Forms 941, for all of 1987 on April 22, 1988. On January 7, 1991, the IRS wrote to Plaintiff explaining that the assessment statutory period would expire before the Regional Director could complete consideration of the case, but that the period could be extended if Plaintiff executed a Form 2750 waiver. On January 16, 1991, Plaintiff signed this waiver. This waiver was never signed by any person on behalf of the IRS. Plaintiff signed a second Form 2750 on November 26, 1991, which was signed by IRS Appeals Officer Haas on December 9, 1991.

Plaintiff argues that because the IRS never signed the initial Form 2750, the three year limitations period provided by § 6501(a) has expired. Defendant responds with two contentions: (1) § 6501(a) does not apply to assessment of the responsible person penalty, and (2) even if it applies, Plaintiff consented in writing to extend the statute of limitations.

## DISCUSSION

### A. § 6501(a) Three–Year Statute of Limitations

The IRS assessed the responsible person penalty at issue in this action on April 13, 1992, pursuant to Title 26 U.S.C. § 6672. This section provides in pertinent part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

*Id.* § 6672(a). Plaintiff contends the assessment is invalid as the limitations period ex-

---

1. The United States filed a counterclaim against Plaintiff for the balance due on the assessment, joining Thomas E. White as an additional defendant on the counterclaim. Third–Party Defendant Thomas White has joined in the United States' Opposition.

2. All statutory references are to the Internal Revenue Code of 1986, Title 26 of the United States Code, unless otherwise stated.

3. Title 26 U.S.C. § 7501(a) provides:

Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of the tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose.

pired April 22, 1991, three years after Seybold Group, Inc. filed its employment tax returns on April 22, 1988.[4]

The Internal Revenue Code sets forth a general rule for assessment and collection of taxes which states that "[e]xcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed ..." Title 26 U.S.C. § 6501(a).[5]

The IRS, however, contends that although § 6501(a) applies to the period for assessment against Seybold Group, the entity which filed the tax return, this section does not apply to limit the assessment period for the responsible person penalty against Plaintiff. The agency asserts that the assessment against Plaintiff was not made with respect to Seybold Group's employment tax returns or any other return that would trigger the running of the three-year limitations period in § 6501(a). Therefore, the IRS argues, the three-year limitations period does not apply and the § 6672 penalty may be assessed at any time unless Congress has elsewhere enacted an express limitations period.[6] The IRS further contends that Congress has not specifically provided a limitations period for the assessment of penalties pursuant to § 6672.

The IRS points to the example of tax preparer penalties.[7] In enacting these penalties, Congress specifically provided a statute of limitations in § 6696(d). The IRS therefore contends that even though § 6671(a) provides that the penalties provided by Subchapter B, including § 6672 penalties, shall be assessed and collected in the same manner as taxes, Congress would have adopted a specific limitations period if it meant to limit the assessment period for § 6672 responsible person penalties to the time provided for assessment of taxes against the employer.

The IRS next argues that the Seybold Group tax returns cannot commence the period of limitations for assessing the penalty against Seybold Group's responsible persons. In its Opposition, the IRS states that "the employment tax returns cannot be considered to be returns that commence the period of limitation for assessing the penalty against Seybold Group's responsible persons, because they do not provide sufficient information to make [the § 6672 penalty] assessment possible."[8] However, the agency presents no evidence to support this argument. Moreover, the IRS fails to respond to Plaintiff's assertion that the IRS had the information necessary to calculate and assess the

---

4. Pursuant to § 6501(b)(2), "if a return of tax imposed by chapter 3, 21, or 24 for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such calendar year." Here the corporate employer's tax returns for 1987 were filed on April 22, 1988, after April 15 of the "succeeding calendar year."

5. The Code further provides:

The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.
Title 26 U.S.C. § 6671(a).

6. Moreover, the IRS's own procedures suggest a finite limitations period does indeed exist for § 6672 assessments. The form at issue here is entitled "Waiver Extending Statutory Period for Assessment of 100–Percent Penalty, Form 2750."

Plaintiff also cites the Internal Revenue Manual, section 5637.1, MT 5600–45 (May 5, 1993), which states that Form 2750 may be used to "extend the statutory period for assessment of the Trust Fund Recover penalty."

7. These penalties are codified in §§ 6694 and 6695.

8. The IRS cites *Bufferd v. Commissioner,* — U.S. ——, 113 S.Ct. 927, 122 L.Ed.2d 306 (1993) (quoting *Automobile Club of Michigan v. Commissioner,* 353 U.S. 180, 188, 77 S.Ct. 707, 712, 1 L.Ed.2d 746 (1953)) in support of its contention. "[T]ax returns that 'lack the data necessary for the computation and assessment of deficiencies' generally should not be regarded as triggering the period of assessment." *Id.* at ——, 113 S.Ct. at 930. Plaintiff argues that the *Bufferd* case merely holds that as between an S corporation return and an individual shareholder's return, the individual return is the one Congress intended to be "the return" for purposes of the three year limitations period on assessment in § 6501(a). *Id.* at ——, 113 S.Ct. at 930. The Court agrees. Accordingly, the *Bufferd* case is inapplicable to the instant action.

§ 6672 penalty because Plaintiff, a corporate officer, signed the Seybold Group returns.[9]

■ The IRS also argues that Congress does not permit an assessment period to expire where there is insufficient information to determine against whom an assessment should be made. The IRS sets forth § 6229(e) as an example, arguing that where a partnership return does not provide sufficient identifying information concerning a partner, the limitations period may not expire for assessing a tax against the partner. In response, Plaintiff contends that the existence of sections 6696(d) and 6229 which expressly provide for limitations periods demonstrates that Congress knows very well how to set limitations periods when it so chooses. Plaintiff contends that the "lack of any such provision in either section 6501 or 6672 militates against the government's interpretation [that the three-year period does not apply]." The Court agrees.

Finally, the IRS admits that, in the past, the United States has not contested the application of a three year statute of limitations for assessment of responsible person penalties, but it now asserts that a three year statute is an incorrect interpretation of the law. The IRS is correct in its assertion that the Commissioner may change his interpretation of the law. *Dickman v. Commissioner*, 465 U.S. 330, 343, 104 S.Ct. 1086, 1094, 79 L.Ed.2d 343 (1984) ("[I]t is well established that the Commissioner may change an earlier interpretation of the law, even if such change is made retroactive in effect.") (citing *Dixon v. United States*, 381 U.S. 68, 72–75, 85 S.Ct. 1301, 1304–06, 14 L.Ed.2d 223 (1965) and *Automobile Club of Michigan v. Commissioner*, 353 U.S. 180, 183, 77 S.Ct. 707, 709–10, 1 L.Ed.2d 746 (1957)).

■ However, a government agency cannot change a long-standing position merely because it suits the agency's purpose in a particular case. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 48, 103 S.Ct. 2856, 2869, 77 L.Ed.2d 443 (1983) ("We have frequently reiterated that any

agency must cogently explain why it has exercised its discretion in a given manner, and we reaffirm this principle again today.") (citations omitted). Moreover, the IRS presents no evidence that the Commissioner has made any formal move to change the interpretation of the relevant law. Rather, the weight of authority indicates that the IRS has acquiesced in the three-year limitations period for many years.

Ninth Circuit authority indicates that the § 6501(a) three year limitations period applies to trust fund penalties assessed pursuant to § 6672. *See Purcell v. United States*, 1 F.3d 932 (9th Cir.1993). In *Purcell*, the taxpayer argued that the government's failure to make a proper notice and demand deprived the government of the right to rely upon the six year statute of limitations in § 6502, relegating it to the three year statute provided by § 6501. The court held that the government's failure to send notice did not invalidate the underlying assessment "such that the government was precluded from relying on the longer limitations period in section 6502." *Id.* at 941. In addition, the Fifth Circuit recently stated unequivocally that the three year statute of limitations on assessment in § 6501(a) applies to a trust fund penalty. *Stallard v. United States*, 12 F.3d 489, 496 (5th Cir.1994) ("The [§ 6672] assessment itself must be made within three years of the filing of the return giving rise to the liability that is the subject of the assessment in question."). Finally, in several cases, the failure of the IRS to assess the trust fund penalty within a three-year period has resulted in a decision in favor of the taxpayer. *See, e.g., Stallard v. United States*, 12 F.3d 489 (5th Cir.1994); *Turk v. United States*, 93–2 U.S.T.C. ¶ 50,571, 1993 WL 497785 (N.D.Ind.1993); *United States v. Hodgekins*, 805 F.Supp. 653 (N.D.Ind.1992); *United States v. Schroeder*, No. 85 C 3443, 1988 U.S.Dist. LEXIS 16313 (N.D.Ill. Dec. 6, 1988), *rev'd and remanded on other grounds*, 900 F.2d 1144 (7th Cir.1990).

---

9. Plaintiff also contends that the IRS's own procedures indicate that the agency always assumes

corporate officers may be "responsible persons."

## B. Extension of Statutory Period

In opposing Plaintiff's motion for summary judgment, the IRS contends that even if the § 6501(a) period is the correct period, the section's "Extension by Agreement" exception applies to this situation. This exception provides:

> Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

§ 6501(c)(4).

Specifically, the IRS argues that, notwithstanding language requiring both the taxpayer and the IRS to consent in writing, the failure of the IRS to sign Form 2750 does not invalidate the waiver. The IRS cites a line of Ninth Circuit cases which holds that the failure of the Commissioner or other IRS officer to sign the waiver does not destroy its validity. *Holbrook v. United States,* 284 F.2d 747, 754 (9th Cir.1960) (court held, based on 26 U.S.C. § 276(c) (1939), that waiver at issue was valid and effective despite absence of the Commissioner's agreement in writing); *Commissioner v. Hind,* 52 F.2d 1075, 1076, 1078 (9th Cir.1931) (court held, based on § 250(d) of Revenue Act of 1921, that Commissioner's failure to sign waiver did not render waiver invalid); *see also, e.g., McCarthy v. Commissioner,* 80 F.2d 618, 620 (9th Cir.1935), *cert. denied,* 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1381 (1935); *Crown Willamette Paper Co. v. McLaughlin,* 81 F.2d

365, 368 (9th Cir.1936). The IRS contends that although these cases were decided before Congress enacted the Internal Revenue Code of 1954, the language governing extension of the assessment period has remained virtually unchanged.

Plaintiff contends that *Rohde v. United States,* 415 F.2d 695 (9th Cir.1969), has "undercut the reasoning" and "washed away the entire foundation" of the *Holbrook/Hind* line of cases. *Rohde* held that extensions not signed by the government were ineffective. *Id.* at 698. The Ninth Circuit stated in *Rohde* that the "force of the *Holbrook* and *Hind* rationale is not overpowering.... The question is: Did Congress in using the word 'agreement' intend that the Commissioner affirmatively assent to the waiver before it became effective?" *Id.* at 697.

The IRS argues that *Rohde* should be limited to its facts, a situation where the waiver is submitted by the taxpayer as part of an offer in compromise. Plaintiff concedes that *Rohde* may be factually distinguishable, as the instant matter does not involve an offer in compromise. However, Plaintiff points out that neither the statutes nor the regulations impose different requirements for extending the limitations period in connection with an offer to compromise. Thus, Plaintiff argues that the distinction has no bearing on whether the government's signature is a prerequisite to the validity of an agreement to extend the limitations period. Notably, *Rohde* states that "[n]o plausible explanation is made for the promulgation of the Regulation or for the drafting of [the waiver form] unless both acts were intended to implement a statutory command and to provide guidance to the taxpayer as well as to the Commissioner." *Id.* at 699.[10] The Court finds *Rohde* applicable to this matter

---

[10]. The IRS argues that *Rohde* is in conflict with the Supreme Court's opinion in *Florsheim Bros. Drygoods Co. v. United States,* 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542 (1930). This argument, however, is unavailing. *Florsheim* held that waivers of statutes of limitations on the assessment and collection of taxes are not contracts. *Id.* at 465–66, 50 S.Ct. at 219. However, *Florsheim* also indicated that assent by the Commissioner would be desirable as an administrative matter. "It serves to keep the Commissioner in

closer touch with the matters which he is charged to administer ... [a]nd it provides a formal procedure which is generally desirable for the Commissioner, collectors, and subordinates in the Department." *Id.* at 466–67, 50 S.Ct. at 219; *see also Rohde,* 415 F.2d at 699 n. 2 (stating that the Government's reliance on *Florsheim* was not helpful to its position, as the *Florsheim* Court discussed the reasons why the Commissioner's assent was desirable even though the assent did not form a contract).

despite the absence of an offer in compromise.

The adoption of the Treasury Regulations in 1956 also supports Plaintiff's position that the IRS's signature is required for an effective waiver. Section 6501(a) refers to limitations on assessment and collection, while § 6502(a) refers to collection after assessment. Each regulation applicable to these sections provides in pertinent part: "The extension shall become effective upon execution of the agreement by both the taxpayer and the district director." 26 C.F.R. §§ 301.6501(c)–(1)d and 301.6502–1(a)(2). Plaintiff urges the Court to agree that the enactment of regulations at a time when the circuit courts of appeal were divided on the effect of the government's failure to sign an extension agreement indicates that the IRS thoroughly considered the issue and resolved the conflict in favor of requiring the government's signature. Plaintiff asserts that *Rohde* illustrates the significance of the regulations and the fact that the *Holbrook/Hind* line of cases was decided in the absence of regulations:

> The statute requires an "agreement" of the taxpayer and the Government. True "agreement" does not mean "contract" in this setting. It means expressed assent. But the statute is still unclear about the effect which the lack of expressed assent has upon the validity of the waiver. That ambiguity is resolved by Treasury Regulation 301.6502(a)(2)(i) [sic] promulgated in 1956, which provides in pertinent part as follows: "Collection after assessment (a) Length of Period— ... (2) Extension by agreement. (i) The 6–year period of limitation on collection after assessment of any tax may, prior to the expiration thereof, be extended for any period of time agreed upon in writing by the taxpayer and the district director. *The extension shall become effective upon execution of the agreement by both the taxpayer and the district director.*" The italicized sentence has no counterpart in the prior regulations. It was not considered in *Holbrook* or *Hind.*

The Treasury Department could not have chosen plainer words to state that the event which makes the waiver operative is the signature of the District Director. It is his act in signing the waiver that stops the limitations clock.

*Rohde*, 415 F.2d at 698. Plaintiff contends that although § 6501(c)(4) "suffers from the same lack of clarity" as § 6502(a), the IRS has resolved this by using identical language in the regulation corresponding to § 6501(a). The Court agrees.

■ The IRS argues that the intent of the parties in this case is "evident" and should control. The agency contends that it required a waiver of the limitations period to complete consideration of Plaintiff's protest. Absent a waiver, the IRS argues it would have assessed the 100% penalty without considering the protest. The agency contends that since the waiver was voluntary and for Plaintiff's benefit, the Court should not require the District Director's signature to make the waiver effective. It is significant however, that the IRS has failed to present any authority which has considered the Regulations and still held that the government's signature has no effect. Plaintiff represents that it has found no such authority. Accordingly, the Court finds the District Director's signature is required and thus the initial Form 2750 was not effective to extend the statute of limitations.

■ Plaintiff signed a second Form 2750 on November 26, 1991, which the IRS signed on December 9, 1991. However, the second Form 2750 could not extend the limitations period because § 6501(c)(4) requires subsequent extension agreements to be executed before the previously agreed upon period expires. As the Court has determined that the first extension was not effective, the second attempted extension must also fail. Accordingly, the three-year statute of limitations provided by § 6501(a) for assessment expired on April 22, 1991.

## CONCLUSION

The Court hereby GRANTS Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.