**CROWN WILLAMETTE PAPER CO. v. McLAUGHLIN, Collector of Internal Revenue.**

**No. 7658.**

Circuit Court of Appeals, Ninth Circuit.
Jan. 13, 1936.

Rehearing Denied Feb. 24, 1936.

See, also, 79 F.(2d) 662.

Alfred Sutro, Felix T. Smith, and Eugene D. Bennett, all of San Francisco, Cal., for appellant.

Frank J. Wideman, Asst. Atty. Gen., Norman D. Keller and Carlton Fox, Sp. Assts. to the Atty. Gen., and H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant filed with the Commissioner of Internal Revenue claims for refund of amounts aggregating $1,320,501.34, which appellee had collected of appellant as income taxes for the years 1916 to 1921, inclusive, and, upon the rejection of said claims, brought this suit under section 3226

of the Revised Statutes, as amended by section 1103 (a) of the Revenue Act of 1932, c. 209, 47 Stat. 286, 26 U.S.C.A. § 156 (see 26 U.S.C.A. §§ 1672–1673), to recover the amounts so collected. The suit was commenced on August 31, 1932. Recovery is sought upon the ground that all the taxes in question were collected after the statutory period of limitation had expired, and that such collection was, therefore, illegal. This appeal is from a judgment denying such recovery.

■ Eight assessments are involved. One was for 1916, one for 1917, two for 1918, one for 1919, two for 1920, and one for 1921. Three of the assessments were approved by subsequent decisions of the Board of Tax Appeals. The other five were made subsequent to and in accordance with said decisions. These decisions were not reviewed by any appellate court, and, prior to the commencement of this suit, had become final. Appellee contends that they are res judicata, and that appellant and the courts are concluded thereby. This contention cannot prevail. It is based on section 322 (c) of the Revenue Act of 1932, c. 209, 47 Stat. 242, 26 U.S.C.A. § 3322 (c), see 26 U.S.C.A. § 322 (c), which provides that, with certain exceptions, no suit shall be instituted by any taxpayer for the recovery of any tax in respect of which a petition for redetermination has been filed with the Board of Tax Appeals. One of the exceptions specified in section 322 (c) is: "As to any amount collected after the period of limitation upon the beginning of distraint or a proceeding in court for collection has expired." This suit comes within that exception and is maintainable, notwithstanding the proceedings before the Board of Tax Appeals.

In making this exception, section 322 (c) provides that "in any such suit for refund the decision of the Board which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive." This provision is inapplicable here, because, in this case, no such question was presented to or decided by the board.

All the taxes here involved were collected in 1929. At that time the statute of limitations applicable to such collections was section 278 (d) of the Revenue Act of 1926, 44 Stat. 59, as amended by section 506 (a) of the Revenue Act of 1928, c. 852, 45 Stat. 870, 26 U.S.C.A. § 1061 (see 26 U.S.C.A. § 276 (c), which provides:

"Where the assessment of any income, excess-profits, or war-profits taxes imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

The period of limitation properly applicable to the assessment of income taxes for the years 1916 to 1920, inclusive, was five years after filing the return. Revenue Act 1921, c. 136, § 250 (d), 42 Stat. 265; Revenue Act 1924, c. 234, § 277 (a) (2), 43 Stat. 299; Revenue Act 1926, c. 27, § 277 (a), (3), 44 Stat. 58. For the assessment of 1921 taxes, the applicable period of limitation was four years after filing the return. Revenue Act 1926, c. 27, § 277 (a) (2), 44 Stat. 58.

Appellant's return for 1916 was filed on February 23, 1917. The 1916 assessment was made on August 10, 1929, and collected on November 7, 1929. The return for 1917 was filed on April 16, 1918. The 1917 assessment was made in May, 1919, and collected on December 18, 1929. The return for 1918 was filed on June 16, 1919. One of the 1918 assessments was made on March 21, 1924, and collected on November 16, 1929. The other 1918 assessment was made on August 10, 1929, and collected on November 7, 1929. The return for 1919 was filed on May 13, 1920. The 1919 assessment was made on August 10, 1929, and collected on August 31, 1929. The return for 1920 was filed on March 15, 1921. One of the 1920 assessments was made on March 15, 1921, and collected on November 16, 1929. The other 1920 assessment was made on August 10, 1929, and collected on August 31, 1929. The 1921 return was filed on March 15, 1922. The 1921 assessment was made on August 10, 1929, and collected on August 31, 1929.

From the foregoing chronology, it appears that the assessment of March 21, 1924, was made within the period of lim-

itation properly applicable thereto and was collected within the six-year period specified in section 278 (d) of the Revenue Act of 1926, as amended. Recovery of that amount was accordingly, and properly, denied.

It also appears that the assessments of May, 1919, and March 15, 1921, were made within the period of limitation properly applicable thereto, but were not collected within six years thereafter, and that the five remaining assessments, all made on August 10, 1929, were collected within six years thereafter, but were not made within the period of limitation properly applicable thereto.

■ Waivers introduced in evidence by appellee purported to extend the assessment period for each of the years in question to and beyond the latest date on which any of the assessments here involved was actually made. Appellant objected to the introduction of these waivers and now challenges their validity and effectiveness on various grounds. Those which purported to extend the assessment period for the years 1916, 1917, and 1918 were objected to and are said to be invalid, because executed after the period of limitation applicable to those years had expired.

Some of these waivers were executed and filed while section 278 (c) of the Revenue Act of 1924, c. 234, 43 Stat. 299, 300, was in effect. The others were executed and filed while section 278 (c) of the Revenue Act of 1926, c. 27, 44 Stat. 59, was in effect. These sections were identical. Each provided: "Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon."

Section 506 of the Revenue Act of 1928, c. 852, 45 Stat. 870, 26 U.S.C.A. § 1060 (see 26 U.S.C.A. § 276 (b), amended section 278 (c), but declared that such amendment should not affect the validity of waivers previously made, and that the validity of such waivers should be determined according to the law in existence at the time they were filed. The validity of the waivers here in question must, therefore, be determined according to section 278 (c) quoted above.

Section 278 (c) did not require that the "consent" of the Commissioner and the taxpayer, commonly called a "waiver," should be executed or filed before the expiration of the statutory assessment period. It required only that such consent be in writing. Section 278 (c) is similar in this respect to section 250 (d) of the Revenue Act of 1921, c. 136, 42 Stat. 265. Waivers executed and filed under section 250 (d) after the expiration of the statutory assessment period have been held valid and effective. Stange v. United States, 282 U. S. 270, 273, 51 S.Ct. 145, 75 L.Ed. 335; W. P. Brown & Sons Lumber Co. v. Burnet, 282 U.S. 283, 287, 51 S.Ct. 140, 75 L. Ed. 343. We now hold that waivers executed and filed, as these were, under section 278 (c), after the expiration of the statutory assessment period, are not, for that reason, invalid or ineffective.

■ Some of these waivers were executed by appellant's president, some by its president and secretary, some by its vice president, and some by its vice president and secretary. Appellant argues that, since the statutory period of limitation had expired, these officers could not execute such waivers, unless specially authorized to do so, and that appellee failed to show such authorization. Such a showing was unnecessary. If its officers were not authorized to execute the waivers, the burden of showing such lack of authority rested on appellant. Sun Printing & Publishing Ass'n v. Moore, 183 U.S. 642, 651, 22 S.Ct. 240, 46 L.Ed. 366; Wausau Sulphate Fibre Co. v. Commissioner (C.C.A. 7) 61 F.(2d) 879, 880; Philip Carey Mfg. Co. v. Dean (C.C.A.6) 58 F.(2d) 737, 738; Stern Bros. & Co. v. Burnet (C.C.A.8) 51 F.(2d) 1042, 1046; Independent Ice & Cold Storage Co. v. Commissioner (C.C.A. 5) 50 F.(2d) 31, 33. This burden appellant did not sustain.

Appellee introduced two waivers dated December 20, 1920, and February 4, 1921, respectively, which purported to waive any and all statutory limitations as to the time within which appellant's income taxes for 1917 might be assessed. These waivers, as executed, were of unlimited duration, but appellee concedes that they were terminated by executive order on April 1, 1924. Appellant objected to the introduction of these waivers, on the ground that, having been terminated before any action was taken under them, they were ineffective and inadmissible. It is unnecessary to consider this objection, because the 1917

assessment period was extended by other waivers executed and filed in 1925. These also were objected to, on the ground that they were executed and filed after the 1917 assessment period had expired. This objection we have already considered and shown to be without merit.

■ One of the waivers introduced by appellee was objected to by appellant because, though executed in appellant's name and by its president, it bore the seal of another corporation having the same name and the same officers, but organized under the laws of a different state. The objection is without merit. The trial court found that this waiver was duly executed by appellant's president, in appellant's behalf, that his execution of it was authorized and ratified by appellant, and that he inadvertently placed on the waiver the seal of another corporation of which he was president, his intention being to use appellant's seal. This finding is ·supported by the evidence and will not be disturbed. Wells Fargo Bank & Union Trust Co. v. McLaughlin (C.C.A.9) 78 F.(2d) 934, 936.

■ Some of the waivers were objected to on the ground that the time of their execution by the Commissioner was not shown. Appellant contends that, unless executed by the Commissioner prior to January 1, 1929, the waivers were invalid, citing in support of this contention section 278 (f) of the Revenue Act of 1926, as amended by section 506 (b) of the Revenue Act of 1928, c. 852, 45 Stat. 870, 26 U.S.C.A. § 1062a, which provides, in effect, that waivers executed after the enactment of the Revenue Act of 1928 and after the expiration of the assessment period, as extended by previous waivers, shall be valid, if executed before January 1, 1929. This contention must be rejected. There is nothing to indicate that any of the waivers here in question were executed after the enactment of the Revenue Act of 1928. They bear dates ranging from May 15, 1924, to November 29, 1926, and all bear what purports to be the Commissioner's signature. It is to be presumed, in the absence of contrary proof, that he executed them on the dates shown.

■ Even if the Commissioner had not executed them on those dates or at all, the waivers would still have been valid, notwithstanding section 278 (f), relied on by appellant. Waivers executed by a taxpayer prior to the enactment of the Revenue Act of 1928 were, by section 506 (c) of that act (45 Stat. 870, 871), expressly excepted from the provisions of section 278 (f). All the waivers introduced by appellee were executed by appellant prior to the enactment of the Revenue Act of 1928. That being so, it is immaterial whether or when, if at all, they were executed by the Commissioner. John M. Parker Co. v. Commissioner (C.C.A.5) 49 F.(2d) 254, 256.

We hold, therefore, that the period of limitation properly applicable to the assessment of appellant's income tax for each of the years 1916 to 1921, inclusive, was extended by valid waivers to and beyond the latest date on which any of the assessments here involved was actually made, and, since the five assessments made on August 10, 1929, were collected within six years thereafter, we hold that recovery of the amounts so collected was properly denied.

■ It remains to consider whether the 1917 and 1920 taxes assessed to appellant in May, 1919, and March, 1921, respectively, were illegally collected. As previously shown, the statutory period for assessing appellant's 1917 and 1920 taxes was extended by the waivers above referred to. Though the waivers did not, in terms, extend the time for collecting these taxes, they did, by necessary implication, extend the collection period as well as the assessment period. ` W. P. Brown & Sons Lumber Co. v. Burnet, 282 U.S. 283, 286, 51 S.Ct. 140, 75 L.Ed. 343; Aiken v. Burnet, 282 U.S. 277, 282, 51 S.Ct. 148, 75 L.Ed. 339; Stange v. United States, 282 U.S. 270, 276, 51 S.Ct. 145, 75 L.Ed. 335; Roy & Titcomb, Inc., v. United States (Ct. Cl.) 39 F.(2d) 753, 755, affirmed in 282 U. S. 811, 51 S.Ct. 197, 75 L.Ed. 727; Pacific Coast Steel Co. v. MacLaughlin (C.C.A.9) 61 F.(2d) 73, 77. This is true, notwithstanding these assessments were made prior to the execution of the waivers. W. P. Brown & Sons Lumber Co. v. Burnet, supra; Roy & Titcomb, Inc., v. United States, supra; Pacific Coast Steel Co. v. MacLaughlin, supra.

The waivers extended the statutory period for assessing and collecting appellant's 1917 and 1920 taxes to December 18, 1930, and May 15, 1930, respectively. The 1917 taxes here involved were collected on December 18, 1929. The 1920 taxes were collected on November 16, 1929. Both collections were made before the expiration of

the statutory collection period, as extended by the waivers. We hold, therefore, that these taxes were legally collected, and that recovery thereof was properly denied.

Judgment affirmed.