**UNITED STATES of America,
Plaintiff,**

v.

**VASSALLO, INC., Eugene Vassallo, County of New Castle, Delaware, City of Wilmington, Delaware, Defendants.**

**UNITED STATES of America,
Plaintiff,**

v.

**Eugene VASSALLO, Georgie Vassallo, County of New Castle, Delaware, and City of Wilmington, Delaware, Defendants.**

**Civ. A. Nos. 1867, 1868.**

United States District Court
D. Delaware.

May 7, 1959.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., for plaintiff.

Joseph A. L. Errigo, Wilmington, Del., for defendants Vassallo, Inc., Georgie Vassallo and Eugene Vassallo.

James F. Kelleher, Wilmington, Del., for defendant City of Wilmington, Del.

Robert C. O'Hora, Wilmington, Del., for defendant New Castle County.

Victor J. Colombo, Wilmington, Del., for Peter C. Olivere, Inc.

Frederick Knecht, Jr., Wilmington, Del., for Domenick Nardo.

STEEL, District Judge.

The above action is before me upon the motion of the Government for confirmation of the sale which was made on April 21, 1959 and upon the motion of the defendant Vassallo, Inc. and the intervener Domenick Nardo to set aside the sale. The sale took place under a judgment dated November 19, 1958.

The attack which is made upon the sale is limited to the 105–107 West Seventh Street, Wilmington, Delaware premises, as well as the personal property thereon. The validity of the sale is challenged upon the ground that the present proceeding for the collection of the tax was not begun within six years after its assessment, and that the written waiver purporting to extend until December 31, 1960 the time within which the tax could be collected (Tax Collection Waiver— Form 900), although purporting to be a waiver on behalf of Vassallo, Inc. was simply signed "Eugene Vassallo", without corporate official designation or the impressment of a corporate seal.

The interest of Nardo is based upon the fact that on May 12, 1954 he purchased from Vassallo, Inc. all of the personal property on the premises at 105–107 West Seventh Street and that on June 16, 1954 he leased those premises from Vassallo, Inc. for a period of five years with an option of renewal for a further time of five years. These transactions took place within six years after the initial assessment of the tax but prior to the execution of the waiver by Vassallo, Inc.

Vassallo, Inc. and Nardo point out that § 6061 of the I.R.C., 26 U.S.C.A. § 6061, requires that a waiver extending the six-year statute of limitation applicable to tax collection be "signed in accordance with forms or regulations", and that the waiver (Form 900) contains a note at the bottom thereof which reads:

"If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws of the state in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation, must be affixed."

Reading this note in conjunction with § 6061 it is argued that the statute, by incorporating by reference the provisions of the form, makes it mandatory for a waiver of a corporation to bear the seal of a corporation. In addition, it is pointed out that although the body of Form

900 indicates an agreement between "Vassallo, Inc." and the Commissioner, Vassallo signed the agreement as an individual and not as a corporate officer. The argument goes that because of these execution deficiencies the waiver was invalid and the Government's right to collect the tax expired by virtue of the running of the six-year period of limitation specified in § 6502 of the I.R.C. of 1954, 26 U.S.C.A. § 6502, prior to the time when the present action was begun.

Insofar as Vassallo is concerned, the point is clearly without merit. The complaint alleges in Paragraph XII that the waiver was executed by "Eugene Vassallo, as president and on behalf of Vassallo, Inc." This corporate execution is admitted by Paragraph XII of the answer filed by Vassallo, Inc. Furthermore, on August 5, 1958, following a pre-trial hearing, an order was entered which after referring to the tax deficiencies stated in Paragraph II, states:

"The validity of the tax liens based upon the assessment of these taxes * * * are conceded by all parties according to the pleadings."

In addition, on November 19, 1958 a judgment was entered which provided:

"7. That the liens for Federal taxes against the property as described in the complaint be foreclosed and the property sold at public sale * * *"."

▇ Both the order of August 5, 1958 and the judgment of November 19, 1958 were approved by all of the parties, including Vassallo, Inc. They were not approved by Nardo since he did not intervene until May 5, 1959. The order and judgment, as well as the answer, were filed after the initial six-year period of limitation had expired. Considered separately or in combination they must be deemed to be a concession by Vassallo, Inc. that the waiver executed by it was in fact a valid corporate act. The statute upon which Vassallo, Inc. and Nardo rely was never intended to invalidate a waiver which the executing party itself judicially admits to be its own proper act and deed.

▇ The rights of Nardo, who claims through Vassallo, Inc., can rise no higher than those of the latter. The waiver executed by Vassallo, Inc. presumably spared the property in which he is interested from an earlier sale. The waiver was undoubtedly executed with the hope that some disposition would be made of the tax claim which would be favorable to the taxpayer, and such a disposition would necessarily have been advantageous to Nardo since it would have resulted in a removal of the lien on the property transferred and leased to him. Furthermore, the acquisition of the personal property and the lease interest by Nardo could not operate to deprive the taxpayer of his statutory right to execute a waiver.

The record fails to disclose any equity in favor of the position which Nardo asserts. The tax lien was a matter of record when the personal property and lease were acquired by Nardo. Since the record does not show the consideration which he paid, it can only be assumed that the purchase price which he paid represented only the equity, if any, in the property over and above the tax lien. The sale which was recently effected to satisfy the tax deficiencies realized substantially less than the taxes due, and from this it may be inferred that Nardo paid only a nominal consideration for the property in which he claims an interest. Therefore, his motion is ostensibly directed to obtaining a windfall for himself and not to recoup property interests which are about to be inequitably taken from him.

Let an order be submitted confirming the sale and denying the motion of Vassallo, Inc. and Nardo to set it aside.

Since the hearing on the motion for confirmation, an informal conference has been held in my chambers at which it was agreed between Victor Colombo, Esquire, and the attorneys for the Government that the hearing on the confirmation of the sale of property groups 3 and

4 which were sold to Peter C. Olivere, Inc., whom Mr. Colombo represents, will be continued for a period of 30 days upon the condition that Peter C. Olivere, Inc. promptly take out insurance in an amount and of a kind satisfactory to the Government to protect the property groups 3 and 4, such insurance to be paid for by Peter C. Olivere, Inc. An appropriate provision to this end may be inserted in the order which is submitted or, if the parties prefer, may be taken care of in a more informal manner.