**UNITED STATES of America,**

v.

**VASSALLO, INC., Eugene Vassallo, County of New Castle, Delaware, City of Wilmington, Delaware, Domenick Nardo, Intervenor, Appellant.**

No. 12973.

United States Court of Appeals
Third Circuit.

Argued Jan. 8, 1960.

Decided Feb. 4, 1960.

792

Frederick Knecht, Jr., Wilmington, Del. (Joseph A. L. Errigo, Wilmington, Del., on the brief), for appellant.

Rita E. Hauser, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., Leonard G. Hagner, U. S. Atty., Wilmington, Del., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

The primary question presented by this appeal is whether the appellant-intervenor, a transferee of the taxpayer, was bound by taxpayer's execution of Tax Collection Waiver-Form 900, extending the assessment and collection period for corporate taxes beyond the original six-year period of limitations.

This action arose out of the efforts of the government, for at least the last decade, to collect individual and corporate income taxes from Eugene and Georgie Vassallo and Vassallo, Inc. Eugene Vassallo, individually and as sole shareholder and controlling officer of Vassallo, Inc., was found guilty in 1949 of willfully attempting to evade personal and corporate income taxes for the fiscal years ended March 31, 1944, 1945 and 1946. We affirmed the conviction on appeal, United States v. Vassallo, 3 Cir., 1950, 181 F.2d 1006. Jeopardy assessments were made by the Collector of Internal Revenue on November 4, 1949, for income taxes, fraud penalties and interest for the taxable years ended March 31, 1944, through March 31, 1946, against Eugene and Georgie Vassallo and for the taxable years ended March 31, 1942, through March 31, 1946, against Vassallo, Inc. Demands for payment were duly made and notices of federal tax liens on all the taxpayers' property were filed on November 7, 1949, in the office of the Recorder of Deeds for New Castle County, Delaware.

The taxpayers thereafter filed a petition in the Tax Court for redetermination of the tax deficiencies and penalties for the years in question. The Tax Court upheld the determinations in Vassallo v. Commissioner of Internal Revenue, 1955, 23 T.C. 656.

On June 2, 1955, the individual taxpayers, Eugene and Georgie Vassallo, executed Tax Collection Waiver-Form 900, extending to December 31, 1960, the period for collection of the tax due for

the fiscal years ended March 31, 1944, 1945, and 1946. In addition, Eugene Vassallo, the president and sole shareholder of Vassallo, Inc., executed a similar waiver relating to the tax liability of the corporate taxpayer.

On March 5, 1957, the United States filed a complaint in the District Court for the District of Delaware for an adjudication of the amount for which the taxpayers were indebted to it and to establish and foreclose all its liens and determine the rights of the other lienors, the County of New Castle, Delaware, and the City of Wilmington, Delaware.

A pre-trial hearing followed at which the taxpayers conceded the correctness of the determined deficiencies and the validity of the United States tax liens. Accordingly, the District Court on November 19, 1958, ordered the foreclosure of the liens for federal taxes by the public sale of taxpayers' property. The proposed notices of sale were approved and the sale was made at public auction on April 21, 1959. The United States on April 30, 1959, moved for confirmation of the sale.

While this motion was pending, on May 4, 1959, Domenick Nardo moved to intervene, pursuant to Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C., for the purpose of contesting the confirmation of the sale. The court allowed the motion. Vassallo, Inc., moved to set aside the sale of its property on the same day. Nardo's interest in the property is limited to the premises at 105–107 West Seventh Street, Wilmington, Delaware, and to the personal property thereon. On May 12, 1954, he purchased from Vassallo, Inc., all the personal property on those premises and on June 16, 1954, leased the premises for a period of five years with an option of renewal for a further five-year term. These transactions took place within six years after the initial assessment of the tax but prior to the execution of the waiver by Vassallo, Inc.

Following a hearing, the District Court denied the motions of Nardo and Vassallo, Inc., and confirmed the sale as to all the properties.

Although the appellant and the government relied quite heavily, both in their briefs and at oral argument, on various sections of the Internal Revenue Codes of 1939 and 1954 pertinent to the validity of the waiver executed by Vassallo, Inc., we need not consider that point, for a proper determination of the appellant's status disposes of the case.

■ In effect, appellant asserts that he is not bound by the actions of his transferor in executing a waiver and can attack its validity even though the transferor could not do so. No authority is cited for this proposition, and indeed none can be found. Appellant does not contend that he is a bona fide purchaser for value without notice, for he cannot. The tax liens were a matter of public record at the time he acquired his interest in the taxpayer's property. Appellant relies on the fact that the waivers were executed, following his purchase, without his consent, express or implied. The short answer to this contention is that his consent was not required to make the waiver valid as against the transferor or as against the appellant. The transferee's rights can rise no higher than those of his transferor. As Judge Weinfeld said in United States v. City of New York, D.C.S.D.N.Y.1955, 134 F.Supp. 374, 378.

"The fact that the extension is the result of unilateral action by the taxpayer is of no consequence. Absent congressional enactment the collection of taxes by the Government is subject to no time limit. Congress was not required to fix any period of limitation. In fixing a period of repose and in authorizing its extension upon an agreement by the taxpayer it had the clear right to provide that the extended period shall bind both the taxpayer and his transferees.

"There are analogous situations under the Code where voluntary unilateral action by the taxpayer-trans-

feror tolls the statutory period as against his transferee. For example, an appeal to the Tax Court by the taxpayer suspends the limitation period—it also suspends the period for suits against his transferee. Likewise a waiver agreement executed by the transferor extending the limitation period for assessments is valid as against his transferees."

In accord are United States v. Maddas, D.C.W.D.Pa.1953, 109 F.Supp. 607; United States v. Canadian American Co., D.C.E.D.N.Y.1952, 108 F.Supp. 206, affirmed per curiam, 2 Cir., 1953, 202 F.2d 751; United States v. Markowitz, D.C. N.D.Cal.1940, 34 F.Supp. 827; and Equitable Life Assurance Society of United States v. Moore, D.C.E.D.Ill.1939, 29 F.Supp. 179.

■ The instant case is not distinguishable despite the fact that here the attack is made on the validity of the waiver itself, for the transferor certainly had the right to affirm or ratify the waiver without notifying the transferee or gaining his approval. Assuming the waiver was originally defective, a matter we need not pass upon, the subsequent actions of the corporate taxpayer ratified it. The complaint in this very case alleged that the waiver was executed by "Eugene Vassallo, as President and on behalf of Vassallo, Inc." This corporate execution is admitted in paragraph XII of the answer filed by Vassallo, Inc. In addition, on August 5, 1958, following the pre-trial hearing, an order was entered which, after referring to the deficiencies, stated that "The validity of the tax liens based upon the assessment of these taxes * * * are conceded by all parties according to the pleadings." Subsequently, on November 19, 1958, a judgment was entered which provided, inter alia, "That the liens for Federal taxes against the property as described in the complaint be foreclosed and the property sold at public sale * * *." Both the order and the judgment were approved by all the parties,[1] including Vassallo, Inc. We agree with the District Court that whether "Considered separately or in combination they must be deemed to be a concession by Vassallo, Inc. that the waiver executed by it was in fact a valid corporate act." [176 F. Supp. 626.] The act was within the power of the taxpayer to make and binds the transferee inasmuch as the taxpayer cannot now be heard to object, neither can the transferee.

The judgment will be affirmed.

---

1. They were not approved by Nardo since he did not intervene until May 5, 1959.