JAMES K. LEFEBVRE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lefebvre v. Commissioner
Docket No. 15156-81.
United States Tax Court
T.C. Memo 1984-202; 1984 Tax Ct. Memo LEXIS 475; 47 T.C.M. (CCH) 1572; T.C.M. (RIA) 84202; April 23, 1984. Joanne Rocks, for the petitioner. Mary Schewatz for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: By a notice of deficiency dated March 26, 1981, respondent determined a deficiency of $14,594 in petitioner's 1971 income taxes. The sole issue remaining in this case is whether the statute of limitations *476 bars the assessment of a deficiency against petitioner for 1971. Petitioner has conceded the correctness of the amount determined. FINDINGS OF FACT This case was stipulated in part, and the stipulations of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Playa Del Ray, California, when he filed his petition in this case. Petitioner filed his 1971 income tax return with the Internal Revenue Sercice (IRS) Center in Ogden, Utah, on June 19, 1972. On November 13, 1974, petitioner signed Form 872, Consent Fixing Period of Limitation Upon Assessment of Income Tax (a consent), which was then executed by an authorized IRS representative on November 18, 1974. This consent extended the period of limitation for assessment to December 31, 1975. On July 30, 1975, the IRS received a letter from Stephen Pace (Pace), the relevant part of which stated: I represent Mr. James Lefevbre [sic] * * * in connection with an audit of his 1971 tax return. I will furnish your office with an executed power of attorney at the time the protest to the 30-day letter is submitted. By a letter dated August 28, 1975, the IRS notified Pace that: [T]he District *477 Conference Staff will not accept the protest without extending the Statute of Limitations. We are enclosing forms 872 for Mr. and Mrs. Lefebvre's signatures. If you have a Power of Attorney which you can send with the 872's, you may sign them. If you are going to sign the protest, a Power of Attorney will also be needed for that. On September 22, 1975, the IRS received a Form 2848, Power of Attorney, signed by petitioner on August 14, 1975, and notarized in Japan, where petitioner was then residing. The form designated "Stephen Pace, Esq." to act as attorney-in-fact on behalf of petitioner, and authorized Pace, inter alia, "to execute consents extending the statutory period for assessment or collection of taxes." The form did not, however, designate Pace as the proper recipient of written communications to petitioner or specify the years and type of tax matters to which the power of attorney was applicable. The back of the form was signed by Pace and was dated September 19, 1975. Accompanying the form was a transmittal letter from Pace, also dated September 19, 1975, which stated: "Enclosed please find Power of Attorney executed by James K. Lefebvre. Protest will follow *478 in a few days." The letter was signed with the name of Pace and initialed by a person in his employ authorized to sign his name. On September 25, 1975, the IRS received a consent bearing the signature "Stephen Pace" that consented to an extension of the period for assessment of petitioner's 1971 taxes until September 30, 1976. The consent was accompanied by a letter that protested the proposed deficiency set forth in a "30-day letter" previously issued to petitioner by the IRS. Pace's name was signed on this letter and initialed by the employee authorized to provide his signature. An authorized IRS employee consented to the consent, and a duplicate original, bearing the same signature "Stephen Pace," was returned to Pace. On September 29, 1975, the IRS received another Form 2848 executed by petitioner that named Stephen Pace as attorney-in-fact empowered to execute consents. This form expressly referred to the tax year ending December 1971 but was not signed by Pace. On July 19, 1976, the IRS received a Form 872-A, Special Consent Fixing Period of Limitation Upon Assessment of Income Tax (a special waiver), that was signed by Pace and agreed to by an authorized IRS employee. *479 The form provided: That the amount(s) of any Federal income tax due under any return(s) made by or on behalf of the above-named taxpayer(s) for the tax year(s) ended December 31, 1971 under existing or prior revenue acts, may be assessed at any time on or before the 90th day after (1) mailing by the Internal Revenue Service of written notification to the taxpayer(s) of termination of Appellate Division consideration, or (2) receipt by the Regional Appellate Division branch office considering the case of written notification from the taxpayer(s) of election to terminate this agreement, except that if in either event a statutory notice of deficiency in tax for any such year(s) is sent to the taxpayer(s), the running of the time for making any assessment shall be suspended for the period during which the making of an assessment is prohibited and for 60 days thereafter. If such statutory notice is sent to the taxpayer(s) and neither of the conditions enumerated (1) and (2) in the preceding sentence have occurred, the time for making such assessment will expire 60 days after the period during which the making of an assessment is prohibited. However, this agreement will not reduce *480 the period of time otherwise provided by law for making such assessment. On January 20, 1977, the IRS mailed a conference report letter to petitioner in care of Pace. On April 6, 1977, Hugo Di Lillo, an IRS Appellate Conferee, wrote a letter to Pace proposing a conference in regard to petitioner's 1971 tax liability. Pace responded by calling Di Lillo and requesting that action on the case be suspended because petitioner was in Japan. Di Lillo waited a period of time for petitioner to return to the United States and then called Pace to arrange a conference. Pace responded that petitioner did not want a conference. From August 28, 1975, until January 26, 1978, the IRS relied on the various consent documents received from Pace and deferred issuance of a statutory notice of deficiency. On January 26, 1978, a statutory notice of deficiency for the year 1971 was mailed to petitioner in care of Pace but was returned undelivered to the IRS. A copy of the notice was also sent to Pace at the same address. This Court subsequently found in Lefebvre v. Commissioner,T.C. Memo. 1980-478, that Pace had not been authorized to receive written notices from the IRS to petitioner, *481 that the notice of deficiency was not mailed to petitioner at his last known address, and that petitioner had been prejudiced thereby. Accordingly, petitioner's motion to dismiss for lack of jurisdiction was granted by an order of this Court, which became final on January 29, 1981. On March 26, 1981, another notice of deficiency for 1971 was mailed to petitioner's correct last known address. Petitioner filed a timely petition for redetermination with this Court on June 26, 1981. The petition does not raise the period of limitation issue; it was tried by consent of the parties. OPINION Section 6501(a)[1] sets forth the general rule that "the amount of any [income tax] * * * shall be assessed within 3 years after the return was filed." An exception is found in section 6501(c)(4), which provides: (4) Extension by agreement. -- Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, * * * both the Secretary or his delegate and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed *482 at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. A petitioner pleading the statute of limitations as a bar to the assessment of tax must make a prima facie case by proving the filing date of the return. Respondent must then go forward with countervailing proof showing that for some reason the period of limitation had not expired when the statutory notice was issued. Petitioner's burden is discharged by introducing the return into evidence. Robinson v. Commissioner,57 T.C. 735 (1972). Respondent's burden is discharged by introducing into evidence a consent, valid on its face, that extends the period of limitation for assessment up to the date of mailing of the statutory notice of deficiency. Concrete Engineering Co. v. Commissioner,19 B.T.A. 212 (1930), *483 affd. 58 F.2d 566 (8th Cir. 1932).[2] After respondent introduces a consent that is valid on its face, and petitioner asserts that such consent was ineffective, then petitioner is required to prove the invalidity of the consent. Crown Willamette Paper Co. v. McLaughlin,81 F.2d 365 (9th Cir. 1936); Concrete Engineering Co. v. Commissioner,supra.[3]
Petitioner admits that, by a valid consent executed by him in November 1974, he agreed with respondent to extend the period of limitation until December 31, 1975. He claims, however, that a proper Power of Attorney form authorizing Pace to execute consents on petitioner's behalf was not filed with the IRS and that, therefore, the subsequent consents by Pace extending the period of limitation are not effective to bind petitioner. Consequently, argues petitioner, the period of limitation expired December 31, 1975, and respondent's subsequent notices of deficiency are *484 not timely. Respondent argues that petitioner is bound by Pace's acts and that Pace executed consents that extended the period of limitation beyond the date of the notice of deficiency on which the proceeding is based. The consents introduced into evidence by respondent properly identify the taxpayer and the tax year to which they are applicable, bear the signature "Stephen Pace" in the space for the signature of the taxpayer's representative, are consented to by an authorized IRS representative, and were executed prior to the expiration of the then-existing period of limitation. [4] Thus, respondent has met his requirement of introducing consents that appear to be valid, and petitioner must prove the consents are invalid. He has failed to do so here. *485 Petitioner's attack on the consents is premised on the claim that Pace was not authorized to execute the consents because a fully completed Form 2848, Power of Attorney, was not submitted to the IRS. Respondent argues that petitioner is estopped from denying that Pace was authorized to execute consents on petitioner's behalf. For a court to apply the doctrine of equitable estoppel: (1) there must be false representation or wrongful misleading silence; (2) the error must originate in a statement of fact, not in opinion or a statement of law; (3) the one claiming the benefits of estoppel must not know the true facts; and (4) that same person must be adversely affected by the acts or statements of the one against whom an estoppel is claimed. [Lignos v. United States,439 F.2d 1365, 1368 (2d Cir. 1971)]
A taxpayer may be estopped from asserting the expiration of the period of limitation where the Government reasonably relies upon consents executed by the taxpayer. Benoit v. Commissioner,25 T.C. 656 (1955), *486 affd. 238 F.2d 485 (1st Cir. 1956). By the same reasoning, he should be estopped from denying the authority of an agent executing consents on his behalf when the taxpayer has executed and delivered to that agent forms of power of attorney giving that agent authority to act on his behalf, and those forms are then submitted to and relied upon by the Government. Petitioner cannot and does not deny that while he was in the midst of negotiations with the IRS with respect to his 1971 taxes, he signed and delivered to Pace, his attorney, two Forms 2848 authorizing Pace to execute consents. Respondent accepted the power of attorney forms and subsequent consents, as prepared and submitted by petitioner and his attorney, and refrained from issuing a notice of deficiency while petitioner was in Japan and while the period of limitations, as previously extended by petitioner, was still open. Petitioner caused the sequence of events to occur, and he is now estopped from denying that Pace was duly authorized to execute consents on his behalf. In any event, the conditions provided for *487 in the statute and interpreted by the regulations are directory in nature rather than mandatory. In our view, the acceptance by respondent of a consent extending the * * * [period of limitation] which had been executed by a taxpayer's agent without express authority (but within the general scope of his powers) merely constitutes a waiver by the respondent of one of his own requirements designed generally to improve administrative procedures. There is nothing in the law or the regulation calculated to indicate that respondent is to be placed in a strait-jacket which, by iron rule, is to remove all flexibility in administration. We hold that the provisions of section 276(b) [the predecessor of section 6501(c)(4)], supra, and the interpretative regulations are directory or advisory, not mandatory. See Holbrook v. United States,284 F.2d 747 (C.A. 9, 1960). [Estate of Maceo v. Commissioner, 33 P-H Memo T.C. par. 64,046, 23 TCM 258 at 375-376.] Finally, petitioner argues that the consent is ineffective because the signature "Stephen Pace" on the *488 form received September 25, 1975, is not actually Pace's signature. Pace testified that he did not recognize that signature at his. He also testified, however, (1) that the protest letter received by the IRS on the same day as the consent had been signed "Stephen Pace" by an employee authorized to affix Pace's signature, (2) that the IRS had returned a duplicate original with the same unidentified signature to him, and (3) that the subsequent special consent was actually signed by him. If Pace did not sign or authorize the first consent, he should not have later signed the special consent or failed to notify the IRS of the allegedly unauthorized signature on the prior consent when the copy executed on behalf of the IRS was returned to him. The logical conclusion (and one not expressly denied by Pace) is that the signature "Stephen Pace" on the first consent had either been affixed or authorized by Pace. Because respondent has presented consents extending the period of limitations for assessing tax beyond the date of the notice of deficiency that petitioner has not proved invalid, the notice of deficiency was timely issued. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. See also Schenk v. Commissioner,T.C. Memo. 1976-363↩. 3. See also Rault v. Commissioner,T.C. Memo. 1982-283; Price v. Commissioner,T.C. Memo. 1981-693↩.
4. A special consent extends the period of limitations until 90 days after (1) the IRS, by written notice, terminates Appellate Division consideration or (2) the IRS receives written notice of election of termination by the taxpayer, except that if a statutory notice of deficiency is then issued, the period is tolled while the respondent is prohibited from assessing the deficiency, and for 60 days thereafter. There is nothing in the record to suggest that written notice of termination was either issued or received by the IRS.↩