ROBERT N. RYAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ryan v. Commissioner
Docket No. 28614-86
United States Tax Court
T.C. Memo 1991-49; 1991 Tax Ct. Memo LEXIS 68; 61 T.C.M. (CCH) 1801; T.C.M. (RIA) 91049; February 7, 1991, Filed *68 John L. Burghardt, for the petitioner. Thomas M. Rohall, for the respondent. SHIELDS, Judge. SHIELDS
MEMORANDUM OPINION Respondent determined a deficiency of $ 17,550 in petitioner's Federal income tax for 1981. In his answer respondent asserted an undetermined amount of additional interest pursuant to section 6621(c) (formerly section 6621(d)). [1] The matter is before us at this time on petitioner's motion to dismiss for lack of jurisdiction, which the parties have agreed is to be treated as a motion for partial summary judgment under Rule 121, on the grounds that a Form 872-A, Special Consent to Extend the Time to Assess Tax, executed by petitioner's accountant, did not extend the three-year period of limitations provided by section 6501(a). We assume the following facts based on *69 the parties' stipulations, pleadings, memoranda, and supporting documents. Rule 121(b). Petitioner resided in Chico, California, at the time he filed his petition. With timely applications for extensions of time, petitioner extended the date for filing his 1981 income tax return to October 15, 1982. In accordance with the extensions, petitioner timely filed his income tax return for 1981 with the Internal Revenue Service Center, Fresno, California, on August 30, 1982. Therefore, the three-year period of limitations for any assessment with respect to his 1981 tax liability was due to expire on August 30, 1985. Sec. 6501(a). The return was prepared for petitioner by his accountant, John F. McKenna, Jr. (McKenna). On his return for 1981 petitioner claimed a $ 50,000 mine development expense attributable to his participation in an alleged gold mining venture known as Cape Yakataga Mines, Ltd. At some time prior to January 14, 1985, respondent requested that petitioner execute a Form 872-A, Special Consent to Extend the Time to Assess Tax (hereinafter Form 872-A or consent form). The request was made so that respondent could complete an investigation of Cape Yakataga Mines, a *70 limited partnership, with respect to which petitioner had claimed on his 1981 return a $ 50,000 deduction for mine development expense. On the back of the form, persons other than the taxpayer were instructed as follows: "If you are an attorney or agent of the taxpayer(s), you may sign this consent provided that the action is specifically authorized by a power of attorney. If the power of attorney was not previously filed, please include it with this form." Respondent received on January 14, 1985, the Form 872-A which purported to extend indefinitely the period of limitations for 1981. It was signed "Robert N. Ryan by John F. McKenna, Jr., Attorney in Fact." Upon receiving the Form 872-A, respondent's agent advised both petitioner and McKenna that the consent was inoperative because it was not accompanied by a properly executed power of attorney authorizing McKenna to execute the consent. On or about June 7, 1985, respondent received a properly executed power of attorney on respondent's standard form for that purpose, IRS Form 2848, "Power of Attorney and Declaration of Representative." The Form 2848 authorized McKenna, the attorney in fact, to represent petitioner before the *71 Internal Revenue Service with respect to any tax matter for 1981 and to perform any and all acts that petitioner could perform with the exception of the power to receive refund checks and to sign a return. On June 26, 1985, respondent's agent countersigned the 872-A form for respondent. The parties have stipulated that if McKenna were called to testify in this case, his testimony would be as follows: I was never authorized by [Robert N. Ryan] to sign the [consent form] until after the [power of attorney] was issued. The reason that the form was signed in the first place was that another doctor, an investor in the same project, had given me a power of attorney. I was under moderate to severe emotional stress at this time, and assumed that I had a power of attorney from [Robert] Ryan. The other doctor was Robert Bellin.
In a notice of deficiency dated April 11, 1986, respondent determined that the deduction for mine development expense claimed by petitioner on his 1981 return is not allowable and petitioner now agrees. This agreement is in accord with our decision in Dister v. Commissioner, T.C. Memo 1987-217, affd. sub nom. Collins *72 v. Commissioner, 857 F.2d 1383 (9th Cir. 1988). Petitioner contends that the Form 872-A executed by McKenna is not effective because at the time it was executed McKenna did not have authority to extend on petitioner's behalf the period of limitations provided by section 6501(a). An issue such as the one before us which is based on the statute of limitations is an affirmative defense and not a plea to our jurisdiction. Badger Materials, Inc. v. Commissioner, 40 T.C. 1061 (1963), modifying 40 T.C. 725 (1963). Consequently, we agree with the parties' agreement that petitioner's motion to dismiss should be treated as a motion for partial summary judgment under Rule 121(b). A summary judgment may be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The burden of proving that there is no genuine issue of material fact is on the moving party, and any factual inference will be drawn in the manner most favorable to *73 the party opposing summary judgment. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Generally, an income tax must be assessed within three years after the applicable return is filed and ordinarily a notice of deficiency issued after the three-year assessment period has expired is invalid. Sec. 6501(a). However, the taxpayer and the Commissioner may consent in writing to extend the three-year period of limitations on assessment. Sec. 6501(c)(4). The bar of the statute of limitations is an affirmative defense and the party raising it is required to specifically plead the bar and to carry the ultimate burden of persuasion. Rule 142(a); Adler v. Commissioner, 85 T.C. 535, 540 (1985). In practice a taxpayer pleading the statute of limitations as a bar to the assessment of an income tax establishes a prima facie case by showing that the statutory notice was mailed beyond the period provided by the applicable statute of limitations. The burden of going forward then shifts to the Commissioner to show that the bar of the statute of limitations is not applicable. *74 Adler v. Commissioner, supra at 540. See Concrete Engineering Co. v. Commissioner, 58 F.2d 566 (8th Cir. 1932), affg. 19 B.T.A. 212 (1930). Where the Commissioner makes such a showing, the burden of going forward with the evidence then shifts back to the taxpayer to show that the exception advanced by the Commissioner is invalid or otherwise not applicable. The burden of ultimate persuasion, however, never shifts from the taxpayer who pleads the bar of the statute of limitations. See Stern Bros. & Co. v. Burnet, 51 F.2d 1042 (8th Cir. 1931), affg. 17 B.T.A. 848 (1929); Concrete Engineering Co. v. Commissioner, supra.
Pursuant to extensions, petitioner timely filed his tax return for 1981 on August 30, 1982. Consequently, the three-year period provided by section 6501(a) for the issuance of a notice of deficiency would have expired on August 30, 1985. Since the notice was not issued until April 11, 1986, to prevail respondent is required to establish an exception to the three-year period of limitations. To establish the exception in this case, respondent relies upon the *75 Form 872-A executed by McKenna for petitioner. If we conclude that the Form 872-A on its face constitutes a valid consent by petitioner to an extension of the statute of limitations, petitioner is required to go forward and affirmatively show that the consent is invalid. Crown Willamette Paper Co. v. McLaughlin, 81 F.2d 365 (9th Cir. 1936); Concrete Engineering Co. v. Commissioner, supra.We turn first to the question of whether respondent has introduced a consent form which is valid on its face. To be valid, an agreement extending the period of limitations need not be executed perfectly; however, respondent does bear the risk of material defects in execution if he relies on such an agreement. Cf. Sanderling, Inc. v. Commissioner, 66 T.C. 743, 752 (1976), revd. on another issue 571 F.2d 174 (3d Cir. 1978); Eversole v. Commissioner, 46 T.C. 56, 61 (1966). As was explained in Concrete Engineering Co. v. Commissioner, supra at 221, when respondent introduces a consent form regular on its face and in accordance with the law, the Court will presume that the parties *76 who signed the consent acted within their scope of authority. In this case, respondent has introduced into evidence a consent form for the year in issue which properly identifies petitioner as the taxpayer. The consent form also bears the signature of petitioner by his accountant, Mr. McKenna, as his attorney in fact who prepared petitioner's return for the tax year in question. Furthermore, the consent form is signed by an authorized IRS representative who executed the form prior to the expiration of the period of limitations. Thus, respondent has submitted a consent form which appears to be valid, and petitioner must go forward and prove that it is invalid. Accord Lefebvre v. Commissioner, T.C. Memo 1984-202, affd. per curiam 758 F.2d 1340 (9th Cir. 1985). Petitioner asserts that we must find the consent form to be ineffective to extend the period of limitations because McKenna did not have a power of attorney at the time he executed IRS Form 872-A. Petitioner's theory is that the consent form is invalid because it did not comply with section 601.502(c)(1)(iii), Statement of Procedural Rules, which provides in relevant part as follows: *77 (c) Requirement of a power of attorney or a tax information authorization -- (1) Requirement of power of attorney. Except as otherwise provided in subparagraphs (3)(iii), (4) and (5) of this paragraph, a power of attorney in proper form, or a copy thereof (for rules relating to copies, see paragraph (e) of section 601.504), executed by the taxpayer, will be required in a matter by the Revenue Service when the taxpayer's representative desires to perform one or more of the following acts on behalf of the taxpayer --
* * * (iii) Execution of a consent to extend the statutory period for assessment or collection of a tax.
We find this argument of petitioner to be unconvincing. First of all, petitioner is relying on a procedural rule. Procedures relating to powers of attorney are directory, rather than mandatory in legal effect, and respondent's failure to abide by them does not invalidate his notice of deficiency. Rosenberg v. Commissioner, 450 F.2d 529, 532-533 (10th Cir. 1971), affg. a Memorandum Opinion of this Court; Luhring v. Glotzbach, 304 F.2d 560, 563-565 (4th Cir. 1962); Cataldo v. Commissioner, 60 T.C. *78 522, 523 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Furthermore, procedural rules such as the one involved herein are for the protection and administrative convenience of respondent, and not the taxpayer; therefore petitioner cannot claim that respondent's failure to abide by his own rules has prejudiced him in this instance. As we stated in Estate of Maceo v. Commissioner, T.C. Memo 1964-46: the conditions provided for in the statute and interpreted by the regulations are directory in nature rather than mandatory. In our view, the acceptance by respondent of a consent extending the [period of limitations] which had been executed by a taxpayer's agent without express authority (but within the general scope of his powers) merely constitutes a waiver by the respondent of one of his own requirements designed generally to improve administrative procedures. There is nothing in the law or the regulation calculated to indicate that respondent is to be placed in a straitjacket which, by iron rule, is to remove all flexibility in administration. We hold that the provisions of section 276(b) [the predecessor of section 6501(c)(4)], *79 supra, and the interpretative regulations are directory or advisory, not mandatory. See Holbrook v. United States, 284 F.2d 747 (C.A. 9, 1960). [ T.C. Memo 1964-46, 23 T.C.M. 258, 375-376, T.C.M. (RIA) P64046 at 413.]
Petitioner also contends that there existed no actual or apparent authority on the part of McKenna to execute the consent form on his behalf and that his later grant of a power of attorney to McKenna did not operate as a ratification of what petitioner contends was McKenna's unauthorized act. Conversely, respondent contends that McKenna acted within the scope of his actual or ostensible authority, and that in any case petitioner subsequently ratified the consent. Because we find that petitioner ratified the act of McKenna, we need not discuss the possible application of the parties' actual or apparent authority theories. It is well established in this and other Courts that a waiver which is itself defective may be ratified by subsequent actions of a taxpayer. *80 United States v. Vassallo, Inc., 274 F.2d 791 (3d Cir. 1960); cf. Crown Willamette Paper Co. v. McLaughlin, supra; cf. Kraasch v. Commissioner, 70 T.C. 623, 628 (1978). We find that even if this were a situation where McKenna acted without authority when he executed the consent form on petitioner's behalf, a matter we need not consider here, petitioner is still bound by its terms because he subsequently ratified McKenna's act. The record makes clear that respondent's agent contacted petitioner and explained to him that a consent form had been executed by McKenna, and that it was ineffective because no power of attorney had been attached. Petitioner was advised that he would have to grant to McKenna a power of attorney and submit the form to respondent in order to make the consent form operative. His subsequent grant of the power of attorney was an act consistent with approval or validation of McKenna's execution of the form; therefore it operated as a ratification of the consent. Petitioner's inaction also operates as a ratification since it was incumbent upon him to repudiate McKenna's action as soon as he learned of it, if in fact petitioner had not authorized it in the first place. See Kraasch v. Commissioner, supra at 629. Even if petitioner was unaware *81 of the status of his case or the consequences of his forwarding to McKenna the documents which he received from respondent, this would not absolve him of the responsibility for the acts of McKenna. The ultimate responsibility for petitioner's tax matters rests with petitioner, who had the duty to disaffirm any unauthorized acts by McKenna long before filing his motion now before the Court. See Kraasch v. Commissioner, supra at 628. It is clear that petitioner has failed to meet his burden of establishing the invalidity of the consent form. Petitioner is accordingly bound by the consent and respondent's assessments are not time-barred. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩