988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Counter-Claim-Defendant/Appellee,
v.
TOYOTA OF VISALIA, INC., Defendant/Counter-Claimant/Appellant.
 No. 91-16488.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided Feb. 16, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-90-00171-REC; Robert E. Coyle, District Judge, Presiding.
 E.D. Cal., 772 F.Supp. 481.
 AFFIRMED.
 Before FARRIS, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Toyota of Visalia, Inc. appeals from the district court's summary judgment in favor of the United States in the government's action to reduce to judgment an assessment of interest made against Toyota's 1979 income tax liability. We affirm.
 
 DISCUSSION
 1. Statute of Limitations
 
 3
 Toyota argues that the government's action is barred by the six-year statute of limitations contained in 26 U.S.C. § 6502 because the waiver signed by Toyota's President extending the statute of limitations was executed under duress, and is, therefore, invalid. Toyota contends that it was coerced into executing the Tax Collection Waiver in response to unlawful IRS levies upon Toyota's property. The levies were unlawful, Toyota argues, because the IRS failed to comply with the notice and demand provisions of Sections 6303(a) and 6331(d). We reject the argument.
 
 
 4
 A Tax Collection Waiver is a unilateral waiver of a defense by the taxpayer and does not constitute a contract. Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). Contract principles are, however, useful in analyzing the validity of these consents. Jordan v. Commissioner, 51 T.C.M. (CCH) 724 (1986). In theory, a waiver signed under duress will be inoperative. Graham v. United States, 243 F.2d 919, 922-23 (9th Cir.1957). The taxpayer must demonstrate the invalidity of the waiver, Crown Willamette Paper Co. v. McLaughlin, 81 F.2d 365, 367 (9th Cir.), cert. denied, 298 U.S. 674 (1936), and must make "an extraordinary showing to sustain the contention." Bliss v. United States, 1990 W.L. 305390, (E.D.Wash.1990). The threat to take arguably unlawful action to collect a tax does not constitute duress. See Burnet v. Chicago Ry. Equip. Co., 282 U.S. 295, 303 (1931). Toyota must therefore demonstrate that the levies made by the IRS on Toyota's assets were unlawful. Toyota can not meet this burden.
 
 
 5
 Toyota received formal notice of the interest assessment made against it and demand for payment 74 days after the assessment was made. Toyota maintains that this notice and demand violated the 60 day period mentioned in Section 6303(a), which states that, as a "General rule":
 
 
 6
 Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof....
 
 
 7
 This "General rule" is qualified, however, by Treasury Regulation Section 301.6303-1(a), which makes it "clear that section 6303 is to be given a practical and not technical construction." Erickson v. United States, 1990 WL 322794, * 8 (W.D.Wash.1990), aff'd, 959 F.2d 240 (9th Cir.1992). The regulation states that "the failure to give notice within 60 days does not invalidate the notice." We therefore reject Toyota's claim that the failure of the IRS to give notice and demand within 60 days of the interest assessment absolved Toyota of tax liability and rendered the IRS levy invalid.
 
 
 8
 Toyota next argues that the March 2, 1990 levy violated Section 6331(d) because it was made less than 30 days after Toyota was provided the notice of intent to levy. The IRS, however, persuasively responds that Toyota did receive notice of intent to levy and demand when the IRS sent Toyota Final Notice on July 27, 1987.
 
 
 9
 Toyota counters by arguing that when the IRS erroneously notified Toyota on August 18, 1988 that its income tax liabilities for 1979 had been satisfied, the March 5, 1984 assessment was extinguished. The argument is misplaced.
 
 
 10
 Section 6601(a) provides that interest accrues as a matter of law on the unpaid balance of the assessment. When a taxpayer makes payment against a tax assessment, the assessment is extinguished only as to the amount paid, and not as to any remaining portion of the liability. United States v. Wilkes, 946 F.2d 1143, 1152 (5th Cir.1991). Toyota failed to pay statutory accrued interest on its 1979 income tax liability. The Final Notice of intent to levy on July 27, 1987 therefore came after the non-extinguished portion of the 1984 assessment and more than 30 days before the March 2, 1990 levy. The IRS complied with Section 6331(d).
 
 2. Revenue Procedure 84-58
 
 11
 Toyota argues alternatively that the IRS failed to follow Rev.Proc. 84-58 which provides, in pertinent part, that if the IRS receives an undesignated remittance from a taxpayer, and "[i]f more than one period of tax is involved, the Service will allocate [the] remittance so as to satisfy all tax, penalty, and interest for the earliest period before applying any excess to other periods." Toyota argues that its undesignated payments after July 27, 1987 should have been applied first to its liabilities for the taxable year ending June 30, 1979 instead of to its liabilities for its taxable year ending December 31, 1979. We reject the argument.
 
 
 12
 The rule was not promulgated pursuant to a specific statutory grant of authority and is merely a general statement of procedure or practice. The IRS therefore had no duty to follow Rev.Proc. 84-58. See Ward v. Commissioner, 784 F.2d 1424, 1430-31 (9th Cir.1986) (holding that IRS has no duty to follow Revenue Procedure if regulation does not have force and effect of law).
 
 3. Toyota's Counterclaim
 
 13
 We have held that the actions of the IRS in levying upon Toyota's property were lawful. The district court correctly dismissed Toyota's counterclaim under Section 7433 which alleged that the IRS recklessly or intentionally disregarded the provisions of the Code or regulations promulgated thereunder.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3