66 F.3d 325
 76 A.F.T.R.2d 95-6560, 95-2 USTC P 50,521
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alexandra COOPER & Stephen Cooper, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 94-1107, 94-1178.
 United States Court of Appeals, Sixth Circuit.
 Sept. 14, 1995.
 
 Before: JONES and SILER, Circuit Judges, and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs Alexandra and Stephen Cooper are appealing the district court's judgment for the Internal Revenue Service ("IRS") that the Coopers are liable for the penalties assessed by the IRS under 26 U.S.C. Sec. 6672 for their failure to pay certain withholding taxes. We find that the district court did not abuse its discretion in holding that the doctrine of laches barred consideration of the Coopers' claim. We thus affirm the decision of the district court on this basis.
 
 I. Background
 
 2
 In 1976, the Coopers incorporated Complete Cuisine, Ltd., which was a pastry shop, cooking school, retail cookware store, and restaurant. After 1981, the Coopers were the only stockholders, officers, and directors of the corporation. In 1977-78, Alexandra Cooper and others incorporated Ian's Patisserie, Ltd., which was a wholesale bakery in a building connected to Complete Cuisine. Except for the second quarter of 1982, the owners, officers, and directors of Ian's Patisserie were Complete Cuisine (owned by the Coopers) and the Coopers.
 
 
 3
 On November 14, 1984 the IRS sent letters to the taxpayers setting an appointment for the Coopers to meet with a revenue agent to discuss their responsibility for payment of withholding taxes for Complete Cuisine and for Ian's Patisserie. The letters warned that "failure to appear may result in a 100% penalty assessment against you equal to the unpaid trust fund liability above." Jay S. Kalish, the Coopers' then-attorney, acknowledged receipt of those letters and informed the IRS that the corporations were involved in Chapter 11 bankruptcy proceedings. The Coopers did not keep the appointment.
 
 
 4
 On January 22, 1985, the IRS sent letters to the Coopers notifying them of the IRS's intent to assess them the 100% penalty of 26 U.S.C. Sec. 6672[2] in the amount of the unpaid employment taxes of Complete Cuisine. The letters explained that the Coopers had a right to appeal, but that if they did not respond within 30 days, the penalty would be assessed.
 
 
 5
 On June 7, 1985, the Coopers filed a Chapter 7 bankruptcy petition in the Eastern District of Michigan. As a result of this bankruptcy filing, pursuant to 11 U.S.C. Sec. 362, an automatic stay against, inter alia, the assessment of prepetition tax liabilities took effect. On June 12, 1985, all creditors, including the IRS, listed on the Coopers' bankruptcy petition, were served with notice of the automatic stay.
 
 
 6
 Previously, on October 5, 1981, the United States Bankruptcy Court for the Eastern District of Michigan had issued General Order No. 5, which, in relevant part, modified the automatic stay provisions of 11 U.S.C. Sec. 362 to allow the IRS during bankruptcy proceedings to assess penalties under 26 U.S.C. Sec. 6672 for which the debtor/taxpayer fails to lodge a timely protest.
 
 
 7
 On November 14 and 25, 1985, the IRS again sent notices to the Coopers of its intent to assess penalties under Sec. 6672.
 
 
 8
 On July 25, 1985, January 20, 1986, and February 10, 1986, certificates of assessments and payments were issued, assessing the Coopers with Sec. 6672 penalties for withheld income and FICA taxes due and owing from Complete Cuisine and from Ian's Patisserie.
 
 
 9
 On March 5, 1986, the Coopers received a discharge in their bankruptcy proceeding.
 
 
 10
 On April 21, 1986 the IRS filed a notice of tax lien in Washtenaw County against the Coopers in the amount of $81,546.56. On January 7, 1987, Stephen Cooper began making monthly payments on the penalty assessments. There is no record of payments by Alexandra Cooper.
 
 
 11
 On January 27, 1992, almost six years after the assessments were made, the Coopers filed the complaint in this action against the federal government in the United States District Court for the Eastern District of Michigan. In Count I, the Coopers sought an order that penalties assessed under 26 U.S.C. Sec. 6672 against them by the IRS during their earlier bankruptcy proceeding were void because they were assessed in violation of the automatic stay of 11 U.S.C. Sec. 362(a), and they sought a refund on the amounts paid on those assessments. In Count II, the Coopers sought a determination that Stephen Cooper was not responsible for payment on certain portions of the penalty assessments, and they sought refunds on those payments already made by Stephen Cooper on those portions.
 
 
 12
 The government answered and counterclaimed, seeking recovery of the remaining assessments against the Coopers.
 
 
 13
 On April 14, 1992, the Coopers answered the government's counterclaim, asserting as an affirmative defense that the assessments claimed by the government were void because they violated the automatic stay provision.
 
 
 14
 On June 11, 1992, the Coopers moved for summary judgment on Count I of their complaint and the affirmative defense based on the automatic stay. On June 12, 1992, the Coopers filed an amended motion for summary judgment. On June 25, 1992, the government filed a cross-motion for partial summary judgment.
 
 
 15
 On September 29, 1992, the district court ordered that the Coopers' claim was barred by the doctrines of res judicata and laches, and affirmed the government's motion for partial summary judgment, and denied the Coopers' motion for summary judgment.
 
 
 16
 On September 30, 1992, the Coopers filed a motion for reconsideration which the district court denied on November 20, 1992.
 
 
 17
 Additional orders granting partial relief on various issues were entered over the next few months, and remaining issues were tried before a jury which returned its special verdict on November 12, 1993, finding for the government on all but one small issue. The district court entered judgment in accordance with the jury's findings on December 13, 1993.
 
 
 18
 The Coopers now appeal to this court, arguing that the district court erred in denying their motion and amended motion for summary judgment.
 
 II. Discussion
 
 19
 Whether the equitable doctrine of laches bars an action is generally left to the discretion of the trial court. Burnett v. New York Central R.R., 380 U.S. 424, 435 (1965); accord Thropp v. Bache Halsey Stuart Shields, Inc., 650 F.2d 817, 823 (6th Cir.1981). This court reviews that determination for an abuse of discretion. TWM Mfg. Co., v. Dora Corp., 722 F.2d 1261, 1268 (6th Cir.1983).
 
 
 20
 Below and on appeal, the Coopers argue that the penalties assessed under 26 U.S.C. Sec. 6672 against them by the IRS pursuant to General Order No. 5 during their earlier bankruptcy proceeding are void because General Order No. 5 was invalid and thus the penalties were assessed in violation of the automatic stay of 11 U.S.C. Sec. 362(a). In response the government argues, inter alia, that the doctrine of laches bars consideration of this claim. In holding for the government on this issue, the district court stated the following:
 
 
 21
 In the present case, plaintiffs have waited 72 months from the dates of the assessments to contest General Order No. 5. The issue clearly presented itself at the time the assessments were made, and plaintiffs have failed to offer any legitimate excuse for their delay. In addition, the three-year statute of limitations for assessing the 100 percent penalty has run. 26 U.S.C. Sec. 6501. Thus, the government would be seriously prejudiced if plaintiffs were now allowed to contest the general order, as the government is precluded from making those assessments six years later.
 
 
 22
 The prejudice suffered by the government is exacerbated by the fact that the plaintiffs' 100 percent penalty, whether assessed or not, was nondischargeable. See 11 U.S.C. Secs. 523(a) and 507(a)(7). Therefore, even if plaintiffs had succeeded in having the order ruled invalid during their bankruptcy proceeding, the worst that could have happened was that the assessments would have been determined to be void. The United States would still have had a claim against plaintiffs, as well as the right to make the assessments, following plaintiffs' discharge. By waiting six years to file, plaintiff [sic] seek to obtain a result that they could not have obtained had they raised the issue of the order's validity during their bankruptcy proceeding.
 
 
 23
 J.A. at 31-32.
 
 
 24
 On appeal the government argues that the district court correctly applied the doctrine of laches to bar the Coopers' claim for the reasons stated in its opinion. At the same time, however, the government also presents an alternative basis for this court to conclude that the Coopers are not entitled to relief. The government argues that the three-year statute of limitations of 26 U.S.C. Sec. 6501[3] is, in fact, not applicable to penalties assessed under Sec. 6672. Consequently, because the Sec. 6672 penalties are not dischargeable, whether or not the government could have assessed them during the bankruptcy proceeding is irrelevant because the IRS can still assess them now, and thus the Coopers are still not entitled to any refund.
 
 
 25
 We conclude, however, under the circumstances of this case, that the three-year statute of limitations of Sec. 6501 is applicable to the IRS's assessment of Sec. 6672 penalties. First, the IRS's argument that no statute of limitations applies to the assessment of Sec. 6672 penalties is raised for the first time on appeal. In the district court, both parties and the court assumed that the statute of limitations did apply. Second, our review of authority indicates that the IRS has acquiesced in the application of the Sec. 6501 statute of limitations to the assessment of Sec. 6672 penalties for several years, and has only recently begun to argue that the limitations period does not apply. See Howard v. United States, 868 F.Supp. 1197, 1200 (N.D.Cal.1994) (noting IRS's historical acquiescence and citing cases in which IRS's failure to assess Sec. 6672 penalty within three-year period resulted in decision in favor of taxpayer); Jones v. United States, 60 F.3d 584, 589 (9th Cir.1995) (holding that Sec. 6501 time period limits time in which IRS may assess Sec. 6672 penalty); Stallard v. United States, 12 F.3d 489, 493 & n. 11 (5th Cir.1994) (same); Bronson v. United States, 46 F.3d 1573, 1576 n. 7 (Fed.Cir.1995) (noting same); U.S. v. Hodgekins, 805 F.Supp. 653, 658 (N.D.Ind.1992) (noting IRS's concession that its policy is to apply Sec. 6501 three-year statute of limitation to assessments under Sec. 6672), aff'd, 28 F.3d 610 (7th Cir.1994). In the arguments before this court, the IRS has not indicated that the Commissioner has initiated any formal procedures to change the agency's interpretation of the relevant law. Under these circumstances, we decline to consider the issue further in this case.[4]
 
 
 26
 In turn, we find that the district court appropriately concluded that the doctrine of laches barred the Coopers' claims in this case. As the Supreme Court has recently reiterated, "[t]he defense of laches 'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.' " State of Kansas v. State of Colorado, 115 S.Ct. 1733, 1742 (1995) (quoting Costello v. United States, 365 U.S. 265, 282 (1961)). The district court correctly found both elements present here. The record is devoid of any explanation for why the Coopers waited six years to bring their claims. And, in affirming the parties' mutual assumption that the three-year statute of limitations of Sec. 6501 applies to the IRS's assessment of the Sec. 6672 penalties, we agree with the district court that the IRS is prejudiced by the Coopers' delay in bringing this action. Were the IRS to lose this action, it could not now reassess the penalties as it could have if the Coopers' had filed this action in a more timely manner.
 
 III. Conclusion
 
 27
 Because we find the defense of laches to be dispositive, we will not address the other issues raised in this case. We affirm the decision of the district court.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [2]
 In relevant part, 26 U.S.C. Sec. 6672 states the following:
 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....
 26 U.S.C. Sec. 6672(a) (1988).
 
 
 [3]
 Section 6501 makes the following statement:
 Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.
 26 U.S.C. Sec. 6501(a) (1988). Furthermore, 26 U.S.C. Sec. 6671 provides that all penalties and liabilities of subchapter B (which includes penalties under Sec. 6672) are to be assessed and collected in the same manner as taxes, and that all references to taxes in the Internal Revenue Code are deemed to refer to the penalties and liabilities of subchapter B. 26 U.S.C. Sec. 6671 (1988).
 
 
 [4]
 We note, however, that this court has held that "[n]o statute of limitations is applicable to the assessment of [26 U.S.C.] Section 6701 penalties and consequently, such penalties may be assessed at any time." Mullikin v. United States, 952 F.2d 920, 929 (6th Cir.1991), cert. denied, 113 S.Ct. 85 (1992). We save for another day, however, discussion of the possible relevance of that authority to the issue of whether no statute of limitation should apply to penalties assessed under Sec. 6672